### BENJAMIN MARSHALL vs. NATHAN WOOD et al.

A promissory note, described in the condition of a mortgage, need not be produced on the trial of an action of ejectment brought on such mortgage ; provided the equity of redemption had been released by the mortgagor to the mortgagee in satisfaction of the note.

Where the release of the equity of redemption is by a warrantee deed, the mortgage is not merged in such deed, where it is not for the interest of the mortgagee to have it merge.

To bring an action of ejectment against several persons, who occupy different rooms in the plaintiff's building, is not a misjoinder of defendants—each may plead severally *not guilty* as to the room which he occupies, and *disclaim* as to every other room.

The effect of a *disclaimer* at common law.

This action was brought against Wood, Seymour and others, who occupied a certain building situated on land to which the plaintiff claimed title by virtue of two several mortgage deeds, executed and delivered by one *James W. Stephens*, the former owner.—One of them to a man named *Grimshaw*, dated the 14th day of December, 1825, and assigned to the plaintiff the 5th day of October, 1827—the other to a man named *Boisgerard*, dated the 18th day of February, 1826, and assigned to the plaintiff the 25th day September, 1827.

It appeared, that after the execution of said mortgage.

ADDISON,
January,
1833.

Marshall
vs.
Wood et al.

deeds, and while Stephens remained in possession, to wit, in the fall of the year 1827, he made a verbal agreement with one *Joseph Hough*, by which *Hough* was to erect the building, and use it for five years ; after which he was to take it off from the land, or receive for it the sum of $1000. It further appeared, that after the building was erected by *Hough*, to wit, on the 12th day of August, 1826, Stevens conveyed all his real estate, including this, to one *Ira Stewart* and others, in trust, for the benefit of certain of his creditors ; and that the said *Stewart* subsequently, on the 12th day of July, 1830, procured to himself in his own right a deed from *Hough* of the building ; and afterwards, on the 11th day of October, 1830, conveyed one moiety of the same to *Nathan Wood*, one of the defendants.

It further appeared, that said *Stewart*, and one of the other persons named in the trust deed, on the 16th day of May, 1831, conveyed to the plaintiff, *Marshall*, their right of redemption, in the whole of the mortgaged premises, which had been assigned to them in the manner above mentioned, and gave said *Marshall* possession thereof. They also conveyed, at the same time, to said *Marshall*, other property not included in the mortgage, to the amount of $4000 ; and it was then agreed between the parties to the conveyance, that *Marshall* should hold and own, three-fifths of the property thus conveyed to him on account of his mortgages, and that *Stewart*, the acting trustee, should have and hold the other two-fifths.

It appeared, that while the building was occupied by *Hough*, and until the commencement of the suit, it had been occupied in a separate and distinct manner—one part for a lawyer's office, and the other part for a store ; and that *Seymour*, one of the defendants, was a lawyer, and had occupied the office under *Hough & Wood*,—the other defendant had occupied the store under the trustees, and by an agreement with said *Stewart*, without any connexion or privity whatever, and were so occupying when the trustees deeded to *Marshall* as aforesaid.

The case was tried by the Court by consent of parties, and the counsel for the defendant requested the Court to decide.

Addison,
January,
— 1833.

Marshall
vs.
Wood et al.

First, That under the above circumstances, it was incumbent on the plaintiff to produce the obligations secured by the mortgage, or they would be presumed paid or cancelled and taken up; or, at least, necessary to explain why they were not produced.

Second, That whatever name the parties might have given to the conveyance to Marshall, that circumstance and the contract connected with it, was *prima facie* an extinguishment of the mortgage.

Third, And that the plaintiff could not join different persons in the same suit between whom there had been no privity, concert or connexion in the possession of the different apartments of said building.

But the Court decided in favor of the plaintiff upon each of the above points. To which the defendants made the exceptions which are now presented for the consideration of the Court.

*Counsel for defendants* contended,

1st, That it was incumbent upon the plaintiff to produce the obligations secured by the mortgages, or they would be presumed paid and cancelled, or taken up; or it was at least necessary for the plaintiff to explain why they were not produced.—3 Vt. Rep. 202, *Edgell* vs. *Stanford.*

2d, That whatever name the parties might have given to the conveyance to Marshall, that circumstance and the contract connected with it, was *prima facie* an extinguishment of the mortgages.

3d, That the plaintiff could not join different persons in the same suit between whom there had been no privity, concert or connexion in the possession of the different apartments of said building.

*Counsel for plaintiff.*—The mortgages in favor of Grimshaw and Boisgerard, executed by James W. Stephens, and which included the premises in question, had been assigned to the plaintiff long previous to May, 1831; and on the 2d of May, 1831, the plaintiff received possession of the mortgaged premises from the assignees of said Stevens; and on the 16th of May, 1831, the assignees quit-claimed the same premises to the plaintiff, in whom the title still remains.

ADDISON,
January.
1833.

Marshall
vs.
Wood et al.

1st. A release of the equity of redemption by the mortgagor, does not discharge the title of the mortgagee under the mortgage, even though the notes or bonds secured by the mortgage be given up to the mortgagor.— See 6 Con. Rep. 375, *Lockwood* vs. *Sturtevant.*.

2d, The deed of one half the store from Stewart to Wood (which did not include the land on which it stood) was subject to the rights of the assignees, and was liable to be disposed of by them under the trust deed.

3d, The action is well brought against all the tenants in possession.—See Stat. p. 85, sec. 39. The tenants can disclaim for such part of the premises as they are not in possession of.

The opinion of the Court was delivered by

· BAYLIES, J.—The defendant's counsel requested the Court to decide; 1st. That under the above circumstances, it was incumbent on the plaintiff to produce the obligations secured by the mortgage, or they would be presumed paid, or cancelled, and taken up; or at least, it was necessary to explain why they were not produced.

When the equity of redemption is foreclosed by a decree of a Court of Chancery, or is released by the mortgagor, or by his assignee, to the mortgagee, or to his assignee, the title, which was conditional, becomes absolute; and it cannot be necssary, for the mortgagee, or his assignee, to preserve the note, which is described in the condition of the mortgage, to keep good h's title; nor produce the note to maintain ejectment brought on the mortgage. The presumption is, that if the mortgagor released his equity of redemption to satisfy the note, the note was given up to him by the mortgagee, at the time, to be cancelled. But if the mortgagor has never released his equity of redemption, this presumption cannot arise; and if the mortgagee is unable to produce the note, the presumption is, that the morgagor has paid it, and taken it up; not by a release of the equity of redemption, but in some other way. It was on this presumption, that a majority of this Court decided, that the mortgagee could not maintain ejectment against the mortgagor, without producing the note described in the condition of the mortgage. See *Edgell* vs. *Stanford*, 3

Vt. R. 202. But this decision is not applicable to the case at bar.

Second Request: To decide that whatever name the parties might have given to the conveyance to Marshall, that circumstance, and the contract connected with it was *prima facie* an extinguishment of the mortgages.

It has been often decided, that where the mortgagor has by deed conveyed his equity of redemption to the mortgagee in satisfaction of the note described in the condition of the mortgage, the mortgage becomes an absolute title, and is not merged in the conveyance of the equity of redemption, if such merger would operate to the injury of the mortgagee. See 1 Chip. 448 ; 2 Con. Rep. 161; 6 Con. Rep. 388-9; 3 J. C. R. 53. The County Court did not err in disregarding this request.

Third. That the plaintiff could not join different persons in the same writ between whom there had been no privity, concert, or connexion in the possession of the different apartments of said building,

The plaintiff having bought the building in question, and having found the defendants in possession, was not obliged to enquire how they came there ; nor what division of his property, they had made among themselves ; but he might bring his action against them all, jointly; and if any one does not choose to be responsible for the others, as to the rents and profits, he may plead severally, *not guilty*, as to that part of the building in his possession, and disclaim as to every other part. Or if he was in possession of no part of the building, when the writ was served, he may disclaim as to the whole. This proceeding i n ejectment is allowed by Statute,Chap. 7, p. 89, which says, " The writ shall not be abated because all the tenants are not sued ; but those on whom service is made, shall answer for such part of the premises only as he, she or they shall distinguish, and set forth in his, her or their plea, and *disclaim* the remainder. And if any shall disclaim the whole unless the plaintiff shall prove such *disclaimer's* possession,of all, or part of the premises demanded, such *disclaimer* shall recover costs against the plaintiff." The word, " *disclaimer*," in the Statute, is improperly used for defendant.

The notion of a disclaimer in our action of ejectment

seems to have been borrowed from the common law proceedings in real actions.

" But as a disclaimer was never at common law, pleaded *in bar of the action ;* so neither was it, strictly speaking, a plea *in abatement.* It did not give the demandant a *better writ.* It contained no *traversable fact.* It was, in effect, *an offer* by the tenant to yield to the claim of the demandant, and to *admit his title* to the land." See Stearns on Real Actions, 223.

Whether a disclaimer under our Statute does in its effects differ from a common law disclaimer, we are not called upon to decide. But we are all satisfied, that in this action there was no misjoinder of defendants.

The judgement of the County Court is affirmed.

*Bates,* for defendants.

*Phelps & Bell & Starr,* for plaintiffs.