Downer *v.* Fox et al.

SOLOMON DOWNER *v.* JACOB FOX, DANIEL BOWEN, ORAMEL SAW-
YER AND TRUMAN H. SAFFORD.

IN CHANCERY.

Certain premises were subject to a mortgage, to a lien created by attachment,
and then to a subsequent mortgage. The first mortgagee brought his bill for a
foreclosute, making the mortgagor and the subsequent mortgagee defendants,
and obtained his decree. The attaching creditor then obtained his judgment
and levied the execution upon the same premises, subject to the first mortgage.
The second mortgagee, before the time limited by the decree of foreclosure
had expired, and within six months after the levy, redeemed the premises, as
against the first mortgagee, by depositing with the clerk of the court of chan-
cery the amount ordered to be paid by the decree of foreclosure. And it was
held, that the second mortgagee was thereby subrogated to all the equitable
rights of the first mortgagee, and was entitled to hold the land, as against the
attaching creditor, as security for reimbursement of the sum thus advanced by
him upon the first mortgage.

And the second mortgagee, who brought his bill to enforce this right, was held
entitled to tax his costs, both against the attaching creditor and against the as-
signee of the judgment, to whom the attaching creditor, for a valuable conside-
ration, had sold all his interest in the judgment, previous to the levy.

It is neither necessary, nor proper, to make the creditor of a mortgagor, who has
attached the mortgaged premises, but has not obtained a judgment, a defendant
in a bill brought to foreclose the mortgage.

The assent of the first incumbrancer, who has been paid by a subsequent mort-
gagee the amount of his lien, to the use of all securities in his hands, for the
purpose of compelling payment by him who is ultimatley liable, will be pre-
sumed, whenever it is necessary for the purposes of justice.

The case of *Paine* v. *Hathaway,* 3 Vt. 212, commented upon and explained.

The grantee of real estate, who has neglected to record his deed, by reason of
which a creditor of the grantor has levied upon the land as the property of the
grantor, is entitled, upon a bill brought by him against the grantor for that pur-
pose, to recover the amount of the debt thus paid by the levy. *Anon.,* Addi-
son Co., cited by DAVIS, J.

APPEAL from a decree of the court of chancery. It appeared, that
the defendant Fox mortgaged certain premises to one Marshall, No-
vember 24, 1837, to secure a debt of $500,00. On the 21st day of

Downer *v.* Fox et al.

November, 1842, the defendant Bowen attached the same premises by virtue of a writ of attachment against Fox and the defendant Sawyer and others. On the 22d day of November, 1842, Fox mortgaged the same premises to the orator, to secure a debt of $413,59, payable in three years. Marshall brought a bill to foreclose his mortgage, making Fox and the orator defendants, and obtained a decree of foreclosure at the May Term, 1843, of the court of chancery, and the time for redemption was limited to the third Tuesday of May, 1844. At the May Term, 1843, of Windsor county court Bowen recovered judgment in his suit for $1076,19 damages, and $14,38 costs, and took out execution, on which he collected $94,63, and then took out an *alias* execution, dated October 10, 1843, for the balance; and he then sold the judgment, for valuable consideration, to the defendant Safford. On the 7th day of November, 1843, Safford caused the said *alias* execution to be duly levied upon the equity of redemption of Fox in the same premises previously mortgaged to Marshall. And on the 13th day of April, 1844, the orator deposited with the clerk of the court of chancery, pursuant to the decree, the amount due upon the mortgage to Marshall, together with the costs. The orator prayed, that the defendants might be decreed to pay to him the sum thus advanced by him upon the debt to Marshall, or be foreclosed of all equity of redemption in the premises. The bill was taken as confessed, as to the defendant Fox; the other defendants appeared and answered.

The court of chancery dismissed the bill, as to the defendants Bowen and Sawyer, without costs, and decreed that the defendants Fox and Safford should pay to the orator the amount advanced by him upon the debt to Marshall, or be foreclosed of all equity of redemption in the premises. From this decree the defendant appealed.

*Hunton & Jones* for orator.

The question in the case is, whether the orator acquired a lien upon the land by the payment of the decree. Any one, who has a right to redeem, acquires such lien by so doing; *McDaniels* v. *Barnum,* 5 Vt. 179; *Adm'rs of Lyman* v. *Little et al.,* 15 Vt. 576; and the orator had such right, by reason of his subsequent incumbrance, and his being made a defendant in the bill. The levy did not defeat the orator's mortgage. By an attachment the land is

holden for the payment of the debt, in case there proves to be one. The levying the execution within five months after judgment is only a step to keep good the lien created by the attachment, and gives no other right to the land. Rev. St. 241, §§ 21, 24. At the time the orator paid the decree, the six months subsequent to the levy had not expired; and it could not then be known, whether the incumbrance of the levy would be removed, or not. But the orator's lien attached, the instant the decree was paid, and depended upon no contingency;—and this was a lien against every one, claiming an interest in the land subsequent to Marshall's mortgage,—and especially against the attaching creditor, who had been allowed, from the amount of the land levied upon, the sum due upon that mortgage.

The payment was for the benefit of the estate, and created a lien, whether the orator had a right of redemption, or not. Equity will keep a mortgage in force, when justice requires. *Myers* v. *Brownell*, 1 D. Ch. 448. *Marshall* v. *Wood*, 5 Vt. 250. 6 Conn. 388. *Irish* v. *Clayes et al.*, 10 Vt. 81. *Paine* v. *Hathaway*, 3 Vt. 212. 2 Story's Eq. 462. 2 Mad. Ch. 129. 1 Fonbl. Eq. 155, n.

*Tracy & Converse* for defendants.

If the orator have any interest in the premises, such as would entitle him to the decree asked for, he derived it from Fox alone. But Fox could not have paid the debt to Marshall, and then called upon the defendants to repay that sum to him; and he could convey no right to the orator to do that, which he could not himself do. The orator's mortgage was only a mortgage of the right of Fox to redeem the Marshall mortgage and keep down the lien created by the attachment. If, by paying the debt to Marshall, the orator acquired any right to be repaid in money, that constituted a debt against Fox alone. The equity of redemption was taken by the levy; and the orator has lost his lien upon that by his neglect to pay, within the six months, the amount due upon the execution. The payment to Marshall was merely voluntary, and one which the orator was under no obligation to make.

The opinion of the court was delivered by

DAVIS, J. The orator, having paid off a mortgage to Marshall, an incumbrance existing prior to his mortgage, and prior to Bowen's attachment, claims to stand subrogated to all the equitable rights of Marshall as against the defendants. Whether he has this right, or not, is the only question in the case. There is no ground for saying, that the orator was a mere volunteer, assuming a debt, which he was under no obligation to pay and had no interest in paying. As a subsequent mortgagee, it was clearly his right to discharge that incumbrances, with a view to the protection of his own. He was made a party defendant to Marshall's bill of foreclosure, and properly so; he was under a necessity, then, of paying the debt to Marshall, on neglect of Fox to do so, or of losing all right under his own mortgage.

It now seems, it was really no object for him to do this, inasmuch as the land was not of sufficient value to satisfy that debt, and also the judgment of Bowen,—both of which took precedence of his own. As a matter of expediency, therefore, it would have been quite as well to have submitted quietly to the foreclosure of Marshall, without redemption, since by redeeming he could not render available security for his own debt, which was ineffectual by reason of prior incumbrances, and could, at most, as against the defendants, acquire a right to be reimbursed the amount advanced for that purpose. This is all he now seeks to do.

Possibly the orator may have imagined, that, under the English doctrine of tacking securities, the attaching creditor would be under the necessity of redeeming both mortgages, although the last was subsequent to his attachment; or, more probably, the orator supposed the estate to be of sufficient value to satisfy all the claims upon it.

As against Fox, no question is made. The debt was his, and he neglected to pay it; he does not question the orator's right to carry forward Marshall's lien for his own benefit. As to Bowen, indeed, the matter is presented under a different phase. He owed neither of the debts provided for by the two mortgages; and though he has appropriated the land, no obligation results to pay the last mortgage,—being subsequent to his right. The last mortgagee would, however, have a right to redeem the land, by paying the judgment.

But in respect to the Marshall mortgage the case is entirely differ-ent. The levy was upon the equitable right of redeeming the land from that incumbrance; he takes the land absolutely, in full domin-ion, as against every body, after the expiration of the prescribed statute period of redemption. The amount of the incumbrance is deducted from the price, in the appraisal; it becomes therefore his duty to pay it; and he has received a full consideration for doing so. If any other person than a mere stranger and volunteer, in order to protect his own interests, pay the amount, he pays it for the benefit of the defendant; and, upon principles of equity, if not upon principles of law, he is entitled to be repaid by him who receives the benefit. In this aspect the orator is a surety for the defendant; or, what in effect is the same thing, the latter is a trustee of the former, to the extent of the sum paid.

In Addison county, some years since, this court decided, that a grantee of real estate, who neglected to record his title deed, by reason of which a creditor of the grantor levied upon the same land as the proper estate of the grantor, was entitled, on a bill filed for that purpose, to recover of the grantor the amount of the debt thus paid out of property, which, as between them, was the property of the orator, notwithstanding there was negligence on his part, in not recording his deed, as well as on the part of the defendant, in not otherwise paying the debt, for which the land was taken.

These broad principles of natural justice are obvious to every honest mind, and apply fully to the case before us. Indeed, laying out of the case the question of substitution, which can only be ef-fected in a court of equity, perhaps, upon those equitable maxims which control the action of *indebitatus assumpsit*, the orator could recover of Bowen, at law, the amount he paid. However that may be, the orator's right in equity to reimbursement is unquestionable. It only remains to be considered, whether he can carry forward the benefit of the original lien, as Marshall might have done.

At the time Marshall brought his bill of foreclosure, Bowen's de-mand against Fox had not ripened into a judgment, though an at-tachment had been made; it was not necessary, or proper, therefore, to make Bowen a party defendant. Marshall's decree, if it had not been prevented from becoming effectual by the orator's interference, would have foreclosed him, but not Bowen. He would still have

had the right to redeem. These circumstances serve to explain the urgency on one side, and the indifference on the other; and at the same time evince the more clearly the propriety of affording the relief sought. So far as Bowen is concerned, he has no right to interfere between the orator and Marshall. It is, or ought to be, a matter of indifference to him, to whom he pays the money, which he assumed by his levy to pay.

Had the orator taken an assignment of Marshall's mortgage to himself, it would probably not have been doubted, that he might have kept it on foot, as against Bowen. Though no formal assignment was made, and no express contract is shown, that the orator should stand substituted to him in respect to the security he held to enforce payment, natural justice requires, on the part of the first incumbrancer, as it does on the part of creditors in respect to sureties, an assent to the use of all securities in his hands, to compel payment by him, who is ultimately liable. Such assent will therefore be presumed, when it is necessary for the purposes of justice. The doctrine had its origin in the civil law, or rather in the eternal principles of right, recognized alike by that law and our own law. 2 Story's Eq. 480; 1 Ib. §§ 493, 499. *Hodgson* v. *Shaw*, 3 Mylne & Keen 183, 193. *Cheesboro* v. *Millard*, 1 Johns. Ch. R. 413. *Avery* v. *Patten*, 7 Ib. 211. 3 Kent 124.

It has not been suggested in this case,* that Bowen is insolvent; although Fox probably is. If both were so, the urgency of the occasion for the principle adverted to would be more manifest; but it by no means rests on that ground. The defence here has not been placed upon any distinction of that kind. With these defendants, if they are to be charged with this claim, it is probably a matter of indifference as to the form in which it is done.

The case of *Payne* v. *Hathaway*, 3 Vt. 212, is not only an authority for charging the defendants with this debt, but, in several points, it is a much stronger case than the present. Hitchcock and Aldis had levied their execution on the lands of Silas Hathaway, and paid off a previous incumbrance to Simeon Hathaway. To do this they borrowed the money of the orator, securing him therefor by a mortgage of the lands extended upon. The levy proved to be defective, and consequently the orator's mortgage invalid; yet the defendant, an assignee of the premises from Silas Hathaway, was

50

decreed to refund to the orator the amount paid, inasmuch as he enjoyed the benefit of it, by taking the land free from the incum-brance, which he would otherwise have been compelled to remove. In that case a bill of foreclosure was brought, a decree obtained, and the time of redemption was about to expire, when the money was paid. No assignment of the mortgage took place, and no agree-ment, in any form, that the levying creditors should keep the lien on foot for their security ; instead of that, a formal discharge of the mortgage was executed and placed on record. Yet the land was held a security for the reimbursement of the mortgage money ; and though no final decree was made at the time, as farther proceedings were necessary, the court virtually recognized the orator's right to the relief sought by the bill,—which was an injunction against the defendant's setting up his legal title, and a decree that he might re-linquish the premises, or pay the money.

Safford, having purchased the judgment in favor of Bowen against Fox and others, and taken a regular assignment thereof, and hav-ing, for his own benefit, in the name of Bowen, levied on the lands mortgaged to Marshall, as well as other lands, succeeded to all the rights of his assignor, and, having notice, was affected by the same countervailing equities. He was, therefore, properly included in the decree.

The decree of the chancellor is affirmed ; and, as the time limited for the payment of the sum due the orator has expired, the chancel-lor will fix such farther time as may be reasonable for that purpose, and the orator's costs in this court will be taxed against the defend-ants Bowen and Safford.

The chancellor's decree as to the other defendants is affirmed.