## LUTHER BULLARD *v.* ANDREW LEACH.

[IN CHANCERY.]

*Payment of mortgage treated as a purchase. Levying creditor a proper party to a bill of foreclosure.*

The payment of the money due upon a mortgage will operate either as a payment, or purchase of it, as will best subserve the purposes of justice and the just and true intent of the parties.

The orator purchased of G. his right in equity of redeeming a piece of land, which the defendant had attached; and agreed with G. to pay the amount due on the mortgage, but without any understanding that it should be kept on foot, as a security against the attachment. The orator paid the assignee of the mortgage the amount due upon it, under an express agreement that he should have the benefit of it as a protection against the attachment. *Held* that there was no merger of the mortgage; and that the orator was entitled to a decree against the defendant, who had levied upon the premises, for the payment of the full amount paid by the orator or, in default thereof, be foreclosed.

A judgment creditor who has levied his execution upon his debtor's equity of redemption is a proper party to a bill brought to foreclose that equity, even though the six months, allowed to the debtor to redeem the levy, may not have expired.

BILL to foreclose the defendant's equity of redemption in certain premises in Stockbridge, mortgaged by Calvin W. Greenleaf to the Mutual Manufacturing Company, on the 16th of January, 1846, to secure the payment of four promissory notes, of that date, of $100.00 each, payable on the first days of April, of the years 1846-7-8 and 9. Cross bill, for an account of the rents and profits. From the bills, answers, exhibits and testimony the following facts appeared.

On the 16th of January, 1846, Calvin W. Greenleaf executed the notes and mortgage above mentioned, and the mortgagee subsequently sold and delivered them to one Daniel Gay, Jr. On the 20th of July, 1849, the defendant Leach, attached the interest of Greenleaf in the premises, upon a writ in his favor against said Greenleaf, upon which he afterwards obtained a judgment, took out execution, and on the 22d of February, 1850, within the life of the lien created by his attachment, had the execution levied on said Greenleaf's interest. On the 20th of October, 1849, between the time of the attachment and the levy, the orator, with knowledge of the attachment, purchased said premises of Greenleaf, and received from him his deed of the same, with the usual covenants, but with an exception of the mortgage, which, by an agreement between

them, the orator was to pay, and during the succeeding November the orator made an arrangement with said Gay respecting the payment of the balance remaining due on the mortgage notes, in which Gay agreed that, upon being paid, he would give the orator the security which he had from Greenleaf. In pursuance of this arrangement the orator made payments to said Gay on account of said notes and mortgage during the months of November and December, 1849, to the amount of about $200.00, so that at the time of the levy by the defendant Leach, there was only about $49.00 due to him, which the orator paid in the April following, when they procured an endorsement without recourse upon the notes, and a transfer of the mortgage, from the agent of the Mutual Manufacturing Company, to the orator.

In the levy of the defendant's execution, the amount due on the mortgage was reckoned only at the sum of $48.87, being the amount then due to Gay.

The orator's bill was served the 16th of June, 1850, and prayed for a decree of foreclosure in default of the defendant's paying the whole amount paid by the orator to Gay.

The defendant insisted that he was entitled to redeem said premises upon the payment of the amount unpaid to Gay at the time of the defendant's levy, with the interest thereon; and on the 31st of May, 1851, he made a tender to the orator's solicitor of $62.75, as the amount which he claimed was due from him to the orator on said notes and mortgage with the costs to that time. By the decree of the court of chancery, at its December Term, 1853, the defendant was required to pay to the orator, on or before the third Tuesday of December, 1854, the whole amount paid by the orator to the said Gay, being with interest, $308.62, deducting the rents and profits of the place received by him being $169.61, as ascertained and reported by a master, together with the orator's costs; and in default thereof, be foreclosed, &c. From this decree the defendant appealed.

*A. P. Hunton,* for the orator.

The payment to Gay was not an extinguishment of the mortgage. If it was, the money paid by Bullard would be an entire loss to him, and a clear gain to the creditor of Greenleaf. This,

equity will not allow. *Payne* v. *Hathaway*, 3 Vt. 212. *Bailey* v. *Willard*, 8 N. Hamp. 429. *Cox* v. *Wheleer*, 7 Paige, 248. *Halsey et al.* v. *Reed et al.*, 9 Paige, 446. *White* v. *Knapp*, 8 Paige, 173. *Towle* v. *Hoit*, 14 N. Hamp. 61. *Poole* v. *Hathaway*, 22 Maine, 85. *Hatch* v. *Kimball*, 14 Maine, 9. *McDaniels* v. *Flower Brook Manuf. Co.* 22 Vt. 274. *Robinson et al.* v. *Leavitt*, 7 N. Hamp. 73, 99, 100, 101.

There was no merger. When the owner of the inheritance becomes the owner of a charge upon the estate, the latter will not merge in the former, if it was his intention that it should not, or if it be for his interest to have it remain, *Freeman* v. *Paul*, 3 Greenl. 260. *Hatch* v. *Kimball*, 16 Maine, 146, *Simonton* v. *Gray*, 34 Maine, 50. *Russell* v. *Austin*, 1 Paige, 192. *Millspaugh* v. *McBride*, 7 Paige, 509. *Lockwood* v. *Sturdevant*, 1 Conn. 2d series, 373 and 388. *Marshall* v. *Wood et al.*, 5 Vt. 250. *Myers* v. *Brownell*, 1 D. Chip. 448. *Davis* v. *Burrett*, 11 Eng. L. & Eq. Rep. 317, 322. *Gardner* v. *Astor*, 3 Johns. Ch. 53. *Starr* v. *Ellis*, 6 Johns. Ch. 393. *James* v. *Johnson et al.*, 6 Johns. Ch. 417. *James* v. *Morey*, 2 Cowen, 246. *Burnet* v. *Denniston*, 5 Johns. Ch. 35. *Ld.· Clarendon* v. *Burnham* 1 Young & Collyer, N. R. 688. *Downer* v. *Fox et al.*, 20 Vt. 388. *Slocum* v. *Catlin et al.*, 22 Vt. 137.

*Washburn & Marsh*, for the defendant.

The plaintiff having purchased the equity of redemption, with notice of the defendant's attachment, and having agreed, as the consideration of the purchase, to pay the mortgage, and having made the payment, cannot set up the mortgage as against the defendant. *Converse* v. *Cook et al.*, 8 Vt. 164. *Viles et al.* v. *Moulton*, 11 Vt. 470. *Hilton* v. *Bissell*, 1 Sandf. C. R. 407. 2 U. S. Eq. Dig. 321, § 616. *Brown* v. *Stead*, 5 Sim. 535.

It is only where the legal and equitable estates have become united in the person of a mortgagee, that it is allowable to treat the mortgage as still retaining its priority over a junior incumbrance; WILLIAMS, CH. J. in *Converse* v. *Cook et al.*, 8 Vt. 170. *Freeman* v. *Paul*, 3 Greenl. 260 ; as in *Myers* v. *Brownell*, 1 D. Chip. 448, and *Marshall* v. *Wood*, 5 Vt. 250, or where a subsequent incumbrancer has been compelled to pay a prior incumbrance, for

the protection of his own interest, as in *Downer* v. *Fox et al.*, 20 Vt. 388. The legal estate was not vested in the orator by operation of law, but by his voluntary purchase, with notice of the attachment.

The bill was prematurely brought against the defendant. It was brought to foreclose the mortgage, and not to compel Leach to pay the amount which was due upon the mortgage at the time of the levy, and it was time for him to pay that amount, when the six months had expired, within which the plaintiff had the right to redeem against the levy.

The opinion of the court was delivered by

BENNETT, J. The object of this bill is to enable the orator to set up the mortgage executed by Calvin W. Greenleaf to the Mutual Manufacturing Company, as against the title of Leach, under his attachment and levy of execution upon Greenleaf's equity of redemption.

It is claimed by the defendant's counsel, that as the plaintiff purchased the equity of redemption of Greenleaf, with notice of the prior attachment of the orator, and having agreed, as a consideration of the purchase, to pay the mortgage debt, and having paid it he cannot now set up the mortgage against Leach.

The case does show, that when Greenleaf conveyed to the orator, he did agree to pay the mortgage debt as the consideration for the deed. At this time there had been no levy of Leach's execution; and it does not appear that anything was said at the time between Bullard and Greenleaf, in regard to keeping the mortgage on foot; but the mortgage and the notes secured by it, had been previously purchased by one Daniel Gay, and were held by him; and Bullard, for the sake of getting time, or rather to save costs, agreed with Gay to pay what might be due on the notes, and it was then understood between them, that Bullard might have the benefit of the mortgage.

We apprehend that, under the circumstances of this case, the payment of the mortgage debt to Gay, should not operate to extinguish the mortgage lien, and that the conveyance of the equity of redemption to Bullard should not operate as a merger of his equi-

table rights, under the mortgage, to set it up for the protection of his own title.

The principle, which it seems may be abstracted from the cases is, that where money due upon a mortgage is paid, it may operate to cancel the mortgage, or in the nature of an assignment of it, placing the person who pays the money, in the shoes of the mortgagee, as may best subserve the purposes of justice, and the just and true interest of the parties. The purpose however must be innocent, and injurious to no one. See *Starr* v. *Ellis*, 6 John. Ch. 393, and *Robinson et al.* v. *Leavitt*, 7 N. Hamp. 99, 100, 101 and 110, and cases there cited. *Towle* v. *Hoit*, 14 N. Hamp. 61. *Payne* v. *Hathaway*, 3 Vt. 212. *Downer* v. *Fox et al.* 20 Vt. 388. *Slocum* v. *Catlin et al.* 22 Vt. 138. The case of *Myers* v. *Brownell*, 1 D. Chip. 448, has a strong analogy to the case at bar in its leading facts, and there, it was held that a conveyance of the equity of redemption to the mortgagee, in payment of the mortgage debt, by a deed of warranty with the usual covenants, did not operate as a merger of the mortgage, so as to give priority to an intervening incumbrance by way of an attachment and a subsequent levy of execution. It was not necessary that there should have been the express consent of Greenleaf, when he conveyed to Bullard that the mortgage should be kept on foot for his benefit. It may well be presumed, it being necessary for the purposes of justice; and we have in this case the express assent of the assignee of the mortgage that it might; and the interest of Bullard required that it should be, and his intention to have it kept on foot is fully manifested by his agreement with Gay to that effect, and no injury or injustice is done to Leach. It was as to him immaterial whether he paid the amount of the incumbrance to Gay or to Bullard, in order to render his levy available to him. And if the plaintiff cannot set up this mortgage, injustice is done him; instead of paying the mortgage debt simply, as agreed between the plaintiffs and Greenleaf, he would be compelled also, in addition, to pay Leach's debt. The mortgage to the Mutual Manufacturing Company was on record, and that was sufficient notice to Leach of all facts relating to the mortgage which he might have ascertained upon reasonable inquiry. *Green* v. *Slater*, 4 John. Ch. 38. 17 Vt. 329.

The deed from Greenleaf to Bullard excepted from the cove-

nants the mortgage; but in the case of *Myers* v. *Brownell,* the deed was with the usual covenants, without any exception, and yet it was held that the deed did not create a merger of the mortgage.

It was said in argument that this bill was, at all events, prematurely brought.

But if we take it for granted, that the defendant is not too late in making this objection, still we think it cannot avail him. It is well settled that a creditor having a lien upon real estate, which has been perfected, may redeem, and every person who has an interest in the mortgaged premises should be made a party. Although the mortgagor's right of redemption under the statute had not run, when this bill was brought; yet we have no doubt that after the levy of the execution, Leach had such a fixed, certain and definite interest in the premises that he may well be made a party to a bill to foreclose the equity of redemption. If, pending the suit, it should turn out that the mortgagor had redeemed the premises from the levy, it might furnish a reason why a decree should not, after that, pass against the levying creditor.

In regard to the tender made to the orator, that, by the master's report, is found not to be adequate, and of course it can be no bar to the proceedings in this bill.

We see no reason to question the correctness of the chancellor's decree, and the same should be affirmed with the costs in this court, and the case is remanded with an affirmance of the decree below.