JOHN BRALEY v. WILLIAM S. FRENCH AND CELIM FRENCH.

*Attachment of real estate. Evidence.*

An attachment of real estate is effected by the officer's leaving in the town clerk's office, a copy of the writ, with his return of such an attachment thereon. The making of the record or entries respecting it, which it is the duty of the town clerk to make, does not constitute any part of the attachment itself.

By such an attachment, the officer acquires no special property in the real estate, and has thereafter no control over the lien thereby created. This lien can only be released or discharged by the creditor himself.

It will be presumed, until the contrary is shown, that an attachment of real estate was made under the direction and with the assent of the creditor; and declarations of the officer, made after the attachment, are not admissible for the purpose of showing that the attachment was not so made.

EJECTMENT for a piece of land in Barnard. Plea, the general issue; trial by jury, May Term, 1855,—UNDERWOOD, J., presiding.

The plaintiff's evidence tended to show an attachment of the premises in question, as the property of Hiram Aikins, on the 12th of August, 1850, upon a writ in favor of the plaintiffs against the Aikins and others; a judgment recovered on said writ; the issuing of an execution and levying it upon the premises, before the expiration of the attachment lien. To defeat the title thus claimed, the defendants offered testimony tending to prove that, at the time said attachment was made, August 12, 1850, several other creditors of Hiram Aikins, made attachments of the same real estate, by causing copies to be left at the town clerk's office of Barnard, and that Gilman Henry was the officer who made the plaintiff's attachment, and several of the others; that afterwards, and before the session of the court, to which the plaintiffs writ was returnable, a negotiation was entered into between said Hiram and his attaching creditors, with the exception of the plaintiff, for the withdrawal of their attachments, and for the sale of the premises to the defendant, William S. French; and that he declined to purchase until all said attachments could be removed, and that this was made known to said Henry; that the other creditors withdrew from the office of the town clerk the copies which had been left in their suits, so as to enable French to make the purchase free and clear of their attachments, the town clerk having made no record or minutes of any of the attachments according to the statute; and

that said Henry, without the knowledge or consent of the plaintiff or his attorney, erased from the return on the copy of the plaintiff's writ which he had left in the town clerk's office, that part of the return that related to the attachment of real estate and substituted a return of attachment of certain personal property; and that he also withdrew said copy altogether from the town clerk's office; and that he told said Hiram Aikins, on that occasion, he had not been directed by the plaintiff to attach real estate; and that directly after all this, the defendant, William S. French, made the purchase, took his deed, and put it on record.

The defendant called the town clerk of Barnard as a witness, who produced his book of records of attachments which showed an attachment of said real estate, on the plaintiff's writ, as having been made August 12, 1850; and also produced a copy of said writ, and said Henry's return of such attachment thereon, and a minute on the back thereof, of its having been received for record, August 12, 1850, and proposed to show by said town clerk, that said copy was, in point of fact, delivered to said town clerk, by said Henry, and said record made as late as the winter of 1850–'51, after the record of the defendant's deed; and that the town clerk made the minute on the back thereof, at that time, ante-dating it to the 12th day of August, 1850, by the request of said Henry, and made his record from that copy. To the admission of all said testimony the plaintiff objected, but the court admitted it, to which the plaintiff excepted. The court charged the jury that if said Henry, under the circumstances which the testimony tended to show, after having left a copy of the plaintiff's writ, and before any record or minutes thereof were made by the town clerk, withdrew the copy left on the 12th day of August, 1850, or erased therefrom the return of the attachment of real estate, to enable the defendant to take a deed of the premises unincumbered, from Hiram Aikins, and said defendant took his said deed and put the same on record before a subsequent copy of the plaintiff's attachment was left and recorded, as of August 12, 1850, then the defendant was entitled to a verdict, even though the plaintiff had no knowledge of such withdrawal or erasure by said Henry. To this charge the plaintiff also excepted. The jury returned a verdict for the defendant.

*Washburn & Marsh* for the plaintiff.

The act of the sheriff in changing the security from an attachment of real estate to an attachment of personal property, without the knowledge or assent of the plaintiff, was inoperative and void. The mode of effecting service is prescribed by statute, and when once made, the authority of the sheriff is terminated. He is not made by law the agent of the creditor. *Wainwright* v. *Webster,* 11 Vt. 576. *Almy et al.* v. *Walcott,* 13 Mass. 76. The original return of the attachment of real estate, is conclusive of the fact of attachment; and parties and privies are estopped from impeaching it. The defendant had notice in fact of the attachment, and assented to the act of the sheriff, knowing that the security of the plaintiff might be thereby impaired, and that the sheriff was acting without the knowledge or consent of the plaintiff. He cannot complain that he is defrauded, and, in the absence of fraud, the return is conclusive. *Lathrop* v. *Blake,* 3 Fost. 57. *Brown* v. *Davis,* 9 N. H. 76. *Slayton* v. *Chester,* 4 Mass. 479. *Estabrook* v. *Hapgood,* 10 Mass. 314. *Butt* v. *Burnell,* 11 Mass. 165.

The sheriff being estopped to impeach his own return, certainly hearsay evidence of his declarations is inadmissible for that purpose.

The return upon the original writ showed the attachment perfected. The record in the town clerk's office showed the same. The plaintiff had used due diligence; so far as he or his attorneys were informed, or could know, the lien was created and the debt secured. He has done nothing to impair that security, and it is not competent for the town clerk, by his own parol testimony, to impeach the record, and defeat the attachment.

A record of whatever is required by the statute to be recorded, cannot be contradicted or varied by parol evidence. *Cranmett* v. *Pearson,* 18 Maine 345; *Pease* v. *Smith,* 24 Pick. 125; *Saxton* v. *Nimms,* 14 Mass. 315; *Thayer* v. *Stearns,* 1 Pick. 109; *Taylor* v. *Henderson,* 2 Pick. 403; *Manning* v. *Gloster,* 6 Pick. 16; *Williams* v. *Ingell,* 21 Pick. 288; *Hutchinson* v. *Pratt,* 11 Vt. 421; *Sherwin* v. *Bugbee,* 17 Vt. 340; *Britton* v. *Lawrence,* 1 D. Ch. 105; and in *Taylor* v. *Holcomb,* 2 Tyl. 347, the court held, "that they would not suffer a recording officer to impeach his record in a particular instance."

*Converse & Barrett* for the defendants.

The evidence as to the time at which the copy of the attachment was actually left with the town clerk, and from which he made a record, and the time at which said record was actually made, was properly received. It does not contradict the record. It merely shows when certain papers, bearing certain dates, were actually made and delivered.

The date attached to any written instrument, furnishes only *prima facie* evidence of the time it was made, but is always open to explanation. 1 Wash. Dig. 293, pp. 17, 18, 20, and cases cited. 2 Wash. Dig. 255, pp. 7, 8.

No attachment was made so as to create any lien, till the copy was left, and the substance thereof, with the return recorded, which was not done till after the defendant took his deed. Stat. 245, § 25, 26. *Cox* v. *Johns,* 12 Vt. 65.

If a lien was created by leaving a copy, merely, on the 12th of August, it was waived and removed by the officer's erasing his return, and withdrawing the copy. *Sawyer* v. *Adams,* 8 Vt. 172. citing *Bush* v. *Cook* ; *Huntington* v. *Cobleigh,* 5 Vt. 49.

The creditor, attaching property, acquires no title or interest in or to it. The officer acquires the lien and interest. He is the only one who can sustain a suit for any interference, with his lien or interest.

He has full power over the property. The creditors have their remedy against the officer, for any neglect or misconduct with reference to it. *Lyman* v. *Dow,* 25 Vt. 405.

The defendant could not be affected by any notice he had of said attachment, within the doctrine of the case of *Huntington* v. *Cobleigh,* 5 Vt. 49. If he had any notice, it was accompanied with the understanding and agreement that it was removed.

The declaration of Henry, the officer, to Hiram Aikins, was properly admitted. It was part of the *res gestæ.*

It was a part of the transaction, it was intimately and inseperably connected with the negotiation which resulted in the defendant's taking a deed, and paying full value, under the appearance that all attachments and incumbrances were removed.

The opinion of the court was delivered by

ISHAM, J. This is an action of ejectment for land in Barnard.

The plaintiff claims title to the land by virtue of an attachment in his favor against Hiram Aikins et al., and the levy of his execution on the premises. The attachment was made on the 12th of August, 1850. The defendant derives his title to the premises, under a deed from Hiram Aikins, dated November 7, 1850; and he insists that his title is good, as against the plaintiff's previous attachment. It is not disputed but that Hiram Aikins was the owner of these premises at the time of the attachment, nor has any question been made as to the recovery of the judgment, or the regularity of the proceedings in the levy of the execution. The general question in the case arises, whether that attachment was legally made so as to create a valid lien on the premises, and whether that lien was continued, and the title of the plaintiff so perfected under it, as to give him a valid title as against the defendant. From the return of the officer on the writ, it appears that the attachment was made by leaving a copy of the writ in the office of the town clerk in Barnard, with his return thereon, describing the property attached, and like copies in the hands of each of the defendants. That a copy of the attachment was, in fact, left with the town clerk, as stated in the return, is found in the case; but it also appears that no record of it, or any minutes of the town clerk that it was left for that purpose, was made previous to the execution of the deed to the defendant.

Previous to the act of 1823, a lien upon real estate was created when the officer simply left a copy of the writ, with his return thereon, with the town clerk. No other duty was required of the officer by the statute, to create a lien upon the estate. In the case of *Huntington* v. *Cobleigh*, 5 Vt. 54, WILLIAMS, J., observed, that "previous to the statute of 1823, leaving a copy with the town clerk was the attachment which created the lien, and that which gave notice to all of the incumbrance thereby created." By the act of 1823, it was made the duty of the officer serving the writ, to cause to be recorded by the town clerk, in a book to be kept for that purpose, the substantial part of the writ, with the return of the officer. Under that act, a lien on real estate, by attachment, was not created by simply lodging a copy of the writ with the return of the officer, in the town clerk's office, but it was also his duty to cause the same to be recorded, or, at least, to direct the same to be recorded; and pay the legal fees therefor. Under the previous law all

persons were compelled to take notice of an attachment when a copy had been left. But, under the statute of 1823, no constructive notice is given, unless the substance of the writ was recorded. That was the doctrine as held in the case of *Huntington* v. *Cobleigh,* as applicable in all cases where notice in fact of the attachment did not exist. The provisions of the act of 1823 were, in some matters, altered in the general revision of the statutes in 1839, under which the attachment in this case was made. In that revision, there is no express provision that it shall be the duty of the officer to cause the attachment to be recorded. There is nothing required of the officer, in order to create a lien, by attachment, on real estate, but to leave a copy of the writ, with his return, with the town clerk; thus re-enacting, in that particular, the provision of the statute as it existed previous to 1823. It is made the duty of the town clerk, however, whenever a copy of a writ is left with him by an officer, on which real estate has been attached, to enter in a book kept for that purpose, the names of the parties, the date of the writ, the nature of the action, the sum demanded, and the officers return thereon. We think it manifest that it was not the intention of the legislature to make that entry by the town clerk essential for the purpose of creating a lien on the estate. If that had been their intention, they would naturally have continued the provisions of the act of 1823, which, as it was held in the case in the 5th Vt., expressed that intention by specific provisions; neither would they have removed the duty of causing that record to be made from the officer serving the writ, and made it the exclusive and official duty of the town clerk. So important a change in the provisions of the statute on this matter would not have been made unless it was their intention to alter the then existing law on that subject, as it had been held in the case of *Huntington* v. *Cobleigh,* 5 Vt. 54; neither would they have incorporated in the revised statutes, the provisions of the act of 1797, in its identical language, unless it was their intention to re-enact the law, as it existed under that act, and as it existed until the act of 1823. We think, therefore, that a lien on this real estate was created by the plaintiff's attachment, when the officer left a copy of the writ, and his return, with the town clerk; and that this lien was unaffected

by the neglect of the town clerk to enter it upon his book of records.

But it is insisted that, if that lien existed, it was lost when the officer who served the writ withdrew that copy from the town clerk's office, and erased from his return thereon the attachment of the real estate, and substituted an attachment of personal property. It appears from the case that, after the attachment had been made, and for the purpose of enabling the defendant to purchase the premises free from any incumbrance of that character, the officer, without the knowledge of the plaintiff, did make that erasure, and withdrew the copy altogether from the office of the town clerk. This subject involves the inquiry as to the power of the officer over the process, and the property attached, after its service. Until the contrary appears, it is to be presumed that the attachment was made under the directions, and with the assent of the creditor. In the attachment of personal estate, the officer acquires a special property, and the right to its custody and possession. For any injury to it, the right of action is in the officer, as, in any termination of the case, he is accountable for the property either to the creditor or debtor. That special property the officer may release, so as to destroy any lien upon the property created by the attachment. He may permit the possession of the property to remain with the debtor, in which case it can be held by a subsequent attachment, or a subsequent purchaser, free from any lien or claim of the officer upon it. His right over that property is independent of the creditor or debtor, as, in a given event, he is responsible for it to the debtor, and in another event to the creditor; and that right exists so long as that special property continues in him. But we apprehend a different rule applies in the attachment of real estate. When such an attachment is made, the officer acquires no special property in the land. He is not required or authorized to take the possession of it, nor in any event is he accountable for the property, or for its rents, incomes, or profits. This agency and authority is terminated whenever his duties are performed, for which the process was put into his hands. The lien created by the attachment, whatever may be its character, is in the creditor, and he only can release or discharge it. We

think, therefore, that the lien of the plaintiff on this real estate was not lost by that act of the officer, and that the defendant, in taking a conveyance of these premises, took the same subject to the lien of the plaintiff, under that attachment. The defendant has no reason to complain of the application of this rule. He had notice in fact, of the attachment and lien of the plaintiff, and is chargeable with the knowledge that it was not competent for the officer to discharge it. There would be no injustice, either, if the defendant had received his conveyance in ignorance of that attachment, or of the plaintiff's lien. In that event, the question would simply be, which of these parties should have their remedy against the town clerk for his neglect to make a record of that attachment. As the plaintiff first acquired a lien upon these premises, and as that lien has ripened into a valid title to the land, we think it must prevail against the defendant's deed ; particularly as the conveyance was taken by the defendant with notice, in fact, of the right and lien of the plaintiff upon these premises.

The declarations of Henry, the officer by whom the attachment was made, we think were improperly admitted as evidence to the jury. The object of that testimony was to show that the attachment of the real estate was made by him, without any directions to that effect, by the plaintiff. Whether those declarations would have been admissible for that purpose, if they had been made at the time of the attachment, and when the copy of the writ was left with the town clerk, we are not called upon to decide. But, as they were made some time afterwards, and upon another occasion, they cannot be treated as a part of that transaction, and are not admissible to affect, in any way, the lien or title of the plaintiff to these premises. This view of the subject renders it unnecessary to examine other questions which were raised in the case.

The result is, that the judgment of the county court must be reversed, and the case remanded.