SOPHIA LASHUS *vs.* GEORGE H. MATTHEWS.

Kennebec. Opinion December 6, 1883.

*Officer. Attachment. New trial.*

The question, whether or not an officer serving in good faith and in a proper manner a writ from a court of competent jurisdiction is a trespasser in making an attachment, does not depend upon the result of the suit in which the attachment is made, nor is it affected by it.

The validity of the claim sued is not in issue in a suit against the officer for making the attachment, nor can it be thus collaterally tried.

L. sued an officer in trespass for attaching her property in a suit against her husband. After verdict against her, she filed a motion for new trial on the ground that since the verdict, judgment had been rendered in favor of her husband in the action in which the attachment was made. *Held,* That the motion could not prevail, and judgment was ordered on the verdict.

ON MOTION to set aside the verdict and for a new trial.

Trespass. The writ was dated January 5, 1882.

The plea was general issue and brief statement.

The verdict was for the defendant.

The questions presented to the law court and the material facts are stated in the opinion.

*F. A. Waldron*, for the plaintiff.

The validity of the note sued in the action against the plaintiff's husband, in which the defendant attached the plaintiff's property, was a material issue in this case. That note was dated September 29, · 1871. The transfer of the property attached to the plaintiff from her husband was in March, 1876. Hence it was claimed by the defendant at the trial that he represented a creditor of the husband whose claim was existing at the time of the transfer to the wife. That the transfer was void as to such creditor. The charge of the presiding judge was strong on that point. But since the verdict, the rescript from the law court has been received, to the effect that that note was not a valid claim. That the plaintiff in that suit was not a creditor of Lashus at the time of the transfer to his wife. *Rollins* v. *Lashus*, 74 Maine, 218.

If that fact could have been presented to the jury, the verdict would unquestionably have been the other way.

Counsel further ably argued the motion to set aside the verdict as against evidence and the weight of evidence.

*W. T. Haines*, for the defendant.

BARROWS, J. The plaintiff, Sophia, wife of Levi Lashus, brought this action of trespass against the defendant, a deputy sheriff in the county of Kennebec, basing her claim to recover on the ground that he had attached and carried away a small stock of goods and the furniture in a certain saloon as the property of her husband, Levi Lashus, when in fact the same belonged to her. The case was tried at the October term, 1882, and the defendant, among other matters, put in evidence a writ in a suit then still ·pending in the superior court, in favor of *Mark Rollins* v. *Levi Lashus*, being the same on which he had

attached the property in controversy, and the note on which said Rollins' suit was founded, given in 1871 by Levi to said Rollins' predecessor in the office of county treasurer. The plaintiff produced a bill of sale from her husband of the stock and fixtures which were in the shop in March, 1876, purporting to be "in consideration that my wife, Sophia Lashus, has this day become responsible for certain of my debts by signing notes with me and securing payment of the same by mortgage of real estate."

He also transferred to her on the same day all the debts due to him, by a written assignment purporting to be "for a valuable consideration," with a stipulation appended "that this paper shall be sufficient evidence that said Sophia Lashus is the lawful owner of said demands;" and the testimony of the plaintiff and her husband, who was her main witness, is that after that time, the business, though conducted by him, belonged to her. Hence her claim to the property attached by the defendant at the saloon occupied by the husband in 1881. The husband testifies that he has had no part of the income of the store, "only what I needed to eat and wear, or if I wanted to go anywhere. I had no regular pay out of the proceeds at all. I had what I needed out of the business of the store. My wife and I have lived out of that store for the past six years." [This seems to be about what the owner of such a business would be likely to get if he was fortunate.] She says, "I clothe him and feed him and give him spending money whenever he wants it. He has staid in the same store and carried on the saloon business. He did not pay me rent for the store; it was mine; he brought the money to me when there was any; I took care of the profits." [Nor does this differ greatly in essentials from the ordinary course of business in well regulated families of that rank in life.] "I did not make any weekly allowance to him for his services."

She says further that the amount of her husband's debts at the time of his failure and her purchase, was nine or ten hundred dollars—that part of them were settled at a discount; but she did not know what discount; nor did she know the value of the

goods she received from him, nor the amount of the accounts he assigned to her. Her bill of sale on its face appears to have been designed for security for signing notes with her husband and mortgaging her real estate to secure their payment. If anything had ever been paid on the notes besides the proceeds of the business, it would seem that it might have been easily proved by the testimony of third parties.

Looking at all that was in evidence, and all that was conspicuously lacking on her part, if the jury came to the conclusion that this property and business really belonged to the husband, who supported himself and his wife out of it, and had what money he wanted to spend himself—and that it did *not* belong to the wife, who knew and did so little that was material in relation to it, we are by no means sure that they erred.

They are not wont to err on that side in such cases.

The motion to set aside the verdict as against law and evidence, cannot be sustained. We think it more than probable that the verdict upon the issue presented was correct. That issue was, as stated by the presiding judge to the jury in a charge of which the plaintiff makes no complaint, whether the plaintiff was the *bona fide* owner of the goods, or whether the conveyance and title which she set up were fraudulent and void as against her husband's creditors by reason of the fraud, the burden being on the defendant representing such creditors to make proof of the same. The verdict must be deemed conclusive as to the fraud; and from the nature of the evidence, it would be fraud of the kind which would invalidate the plaintiff's title as against subsequent as well as prior creditors, there being a continued secret trust for the benefit of the debtor and with the apparent design to defraud all creditors, future as well as existing.

But since the trial, and while the case was pending on the motion to set aside the verdict which is disposed of as above, comes the plaintiff with another motion to set aside the verdict for newly discovered evidence, the substance of which is that judgment has been rendered in favor of Levi Lashus in the suit brought by

the county treasurer against him, in which the property here in controversy was attached as the property of Levi. The motion cannot prevail.

The question whether or not an officer serving in good faith and in a proper manner a writ from a court of competent jurisdiction is a trespasser in making an attachment, does not depend upon the result of the suit in which the attachment is made, nor is it affected by it in a case like this. The officer represents not the attaching creditor alone, but the law, which authorizes him to " attach and hold as security [goods and chattels] to satisfy the judgment for damages and costs which the plaintiff *may* recover. " R. S., c. 81, § 22.

The validity of the claim sued is not in issue in a suit against the officer for making the attachment, nor can it be thus collaterally tried. The plaintiff here must recover, if at all, upon the facts she alleges and proves to have existed at the time when her action was commenced and tried. The foundation of her claim is that the property was hers and so not liable to attachment for any debt which the defendant in the attachment suit might be found to owe. The process in the officer's hands afforded him a conclusive justification for all regular and lawful proceedings against the defendant therein named, and all who can assert only his rights. Nor does the dissolution of the attachment after the suit against the officer is commenced, make the officer who has simply obeyed his precept and done his duty under it, liable in such suit. If he attaches property which is not liable to attachment for the debts of the defendant named in the writ, he is responsible to the owner. That was the claim here made, but the jury have settled the vital facts against the claimant. It follows inevitably from the evidence and the finding of the jury, that the property attached by this defendant was subject to be attached and held for such judgment as the county treasurer *might* recover against Levi Lashus; and the failure of the county treasurer's suit does not make the officer a trespasser *ab initio*.

The officer in defending a suit of this sort, is neither expected nor required to come prepared to try out the issue between the

parties to the suit in which he has made the attachment. They would be bound by no finding which the jury might make in his case, and if the right of the plaintiff in the attachment suit to recover were an issuable fact in a suit of this description, and the failure of the officer to establish it would make him liable to a plaintiff occupying the position that this plaintiff does, it might turn out when the attachment suit came on for trial between the parties to it, that the plaintiff there would prevail, and the officer be called upon to respond to him for failing to seize the attached property upon execution. The law does not expose its officer to any such dilemma, nor does it permit any such incongruous mixture of issues between other parties in the trial of a cause. By virtue of the law which empowers him to attach the goods and chattels of the defendant in the writ placed in his hand for service, he acquires a special property in the goods attached and the right to contest all claims thereto asserted by any third parties unembarrassed by any question as to the maintenance of the suit in which the attachment is made.

As the court remarked in *Braley* v. *French*, 28 Vt. 546 : "In the attachment of personal estate the officer acquires a special property and the right to its custody and possession. For any injury to it the right of action is in the officer, as, in any termination of the case, he is accountable for the property either to the creditor or debtor. . . His right over the property is independent of the creditor or debtor as, in a given event, he is responsible for it to the debtor, and in another event, to the creditor; and that right exists so long as that special property continues in him."

"It is not admissible for the defendant in order to dissolve an attachment on motion to show that the debt was not due ; or that the amount claimed by the plaintiff was unconscionable or unreasonable. This would be to try in a summary and collateral way the main issue in the cause. Nor can he move to discharge the attachment on the ground that the property attached did not belong to him." Drake on Attachment, 3 ed. § 417.

But were all this otherwise — were it possible to maintain that an officer who has not refused to restore goods which he has been

regularly holding under an attachment to the custody from which they were taken when the suit has terminated in favor of the defendant, could be set down as a trespasser *ab initio* at the instance of a fraudulent vendee of such defendant the moment the defendant prevailed in the suit — still there would be ample reason in this case to disallow this motion. It does not appear that at the trial any question was made by the plaintiff as to the debtor's liability to the county treasurer in the suit in which the property was attached. To allow the fraudulent vendee to lie in wait with such a motion, and when his own claim has been declared fraudulent and void to avail himself of the debtor's success in the other suit in a way and to an extent which the debtor could not have done, would be a strange perversion of the course of legal proceedings. This plaintiff, it appears has at best only the right which her husband had in the property attached. He could not prevail against an officer proceeding regularly under his precept while the attachment suit was pending; for his only right is to have the property returned when the attachment is dissolved by a judgment in his favor. If a failure to do this would make the attaching officer a trespasser *ab initio*, it is not even suggested that such a failure has occured here.

> *Motions overruled. Judgment on the verdict.*

DANFORTH, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.