STEAM STONE-CUTTER Co. *v.* SEARS and others.

SAME *v.* YOUNG and others.

SAME *v.* BATCHELDER and others.

SAME *v.* WINSOR SAVINGS BANK and others.

SAME *v.* JONES and others.

SAME *v.* DUFF and others.

SAME *v.* McCARTY and others.

*(Circuit Court, D. Vermont. March 27, 1885.)*

VENDOR AND VENDEE—ATTACHMENT ON WRIT OF SEQUESTRATION—NOTICE TO SUBSEQUENT PURCHASERS—REV. ST. VT. §§ 874, 875.

Attachment on a writ of sequestration, by leaving a copy of the writ with a description of the estate attached in the town clerk's office, pursuant to Rev. Laws Vt. § 874, *held* valid against subsequent purchasers without actual notice, without the entry in a book kept for that purpose by the town clerk of the names of the parties, date of the writ, nature of the action, sum demanded, and officer's return, as required by section 875; distinguishing *Burchard* v. *Fair Haven,* 48 Vt. 327.

In Equity.

*Aldace F. Walker,* for orator.

*William Batchelder,* for defendants.

WHEELER, J. These cases each involve title to distinct parcels of land under the same writ of sequestration and levy of execution that were in question in *Steam Stone-cutter Co.* v. *Jones,* 21 Blatchf. 138;

S. C. 13 Fed. Rep. 567; and *Steam Stone-cutter Co.* v. *Sears*, 9 Fed. Rep. 8. The only question made now is whether the attachment on the writ of sequestration, by leaving a copy of the writ with a description of the estate attached in the town clerk's office, pursuant to section 874, Rev. Laws Vt., was valid against subsequent purchasers without actual notice, without the entry in a book for that purpose by the town clerk of the names of the parties, date of the writ, nature of the action, sum demanded, and officer's return, as required by section 875, Rev. Laws Vt. It is claimed that this question was not decided in either of the former cases. It is understood, however, that the situation of these defendants in this respect is not different from that of the defendant Sears in *Steam Stone-cutter Co.* v. *Sears,* and that of George, Chase, and Ray in *Steam Stone-cutter Co.* v. *Jones.* They all claimed title under Jones, Lamson & Co., in whose deed from the attachment debtor of the whole on record the attachment was expressly mentioned and warranted against. *Burchard* v. *Fair Haven,* 48 Vt. 327, now much relied upon, was before the court in *Steam Stone-cutter Co.* v. *Jones,* and its effect upon the titles of those subsequent purchasers fully considered.

In *Burchard* v. *Fair Haven* the town clerk's office was bare of the copy of the writ and return of the officer left, as well as of any entry of the attachment in a book, and the town clerk, whose duty it was to receive and keep that copy as well as to make the entry, and for whose fault the suit was brought, repudiated the claim that there ever had been such a copy there. It was for his fault in not receiving and keeping the copy as a part of the records of his office, and not for not making the entry of the attachment in a book only, that the plaintiff recovered. It was not decided there, that leaving a copy of an attachment with a description of the estate attached, did not create a lien, without the entry of the attachment in the book to be kept for that purpose, but only that, without either, the title of a subsequent purchaser without notice of the attempted attachment would not be defeated by it. The entry in the book was not only not made, but there was nothing by which to make it, and a denial that there had ever been anything from which it could be made. Here, the copy and description of the estate were always on file after they were left for record, and have since been entered in the proper book. It has always been held in Vermont that when instruments of title to land, required by law to be recorded, are left for record in the proper office, the record, when made, will relate back to the time of the leaving for record. *Bigelow* v. *Topliff,* 25 Vt. 273; *Essex Co. R. Co.* v. *Lunenburgh,* 49 Vt. 143. The delay in making the entry in this case made the attachment more difficult to find, but did not remove it or vacate it. If these defendants were misled in any way to their damage by the delay, they have the responsibility of the town to look to for redress. The orator appears to be entitled to a decree in these cases similar to that made in *Steam Stone-cutter Co.* v. *Jones.*

Let a decree be entered, removing the cloud upon the orator's title created by the conveyances subsequent to the attachment, and for an injunction against setting up the same against the title created by the attachment and levy, with costs, in each case.