**Leona B. Hunn, Successor to Robert B. Eldredge, Trustee (deceased) v. Edward W. Koerber, Middlesex College Corporation, et al.**

[282 A.2d 831]

No. 114-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed October 5, 1971

*Gelsie J. Monti,* Montpelier, and *Hiram S. Hunn,* Plainfield, for Plaintiff.

*John A. Burgess,* Montpelier, for Defendants.

**Holden, C.J.** This is a proceeding to foreclose a real estate mortgage dated June 24, 1966, which, according to the complaint, the defendant Middlesex College Corporation assumed and agreed to pay. It appears that the mortgage was originally given to the Bank of Waterbury and later assigned to the

plaintiff's predecessor, Robert B. Eldredge, trustee. On Mr. Eldredge's death, Leona B. Hunn was substituted as party plaintiff by stipulation of the parties to this appeal. The complainant has joined numerous defendants by the allegation that they have, or may claim an interest in the mortgaged property. The defendant Koerber is included with the allegation that he is an attaching and judgment creditor of the Middlesex College Corporation, holding an execution which issued October 28, 1969.

This proceeding was commenced on January 15, 1970, and the defendant Koerber was served in due course. He filed an affidavit of defense, as required by the chancery rules then in effect. Before hearing on the issues presented by the defense, the plaintiff moved to strike the allegations first made concerning the defendant Koerber's interest in the property and challenged his right to defend against the foreclosure.

The chancellor heard the motion and made findings of fact which report that the defendant Koerber, as plaintiff in an action at law against the mortgagor, attempted to attach the mortgaged property by lodging on May 5, 1967, copies of the writ with the town clerk of Middlesex where the property was located. The appeal in that case is reported in *Koerber* v. *Middlesex College*, 128 Vt. 11, 258 A.2d 572 (1969).

It appears that the town clerk failed to record the attachment. When the plaintiff's predecessor trustee acquired the notes and mortgage in suit, by his assignment on January 2, 1970, he had no notice of the attachment. On the strength of these facts the chancellor ruled on August 6, 1970, that the defendant Koerber had no standing as a party to the action and ordered his plea in defense of the foreclosure stricken.

The defendant Koerber undertook an appeal from this order. His effort was met in this Court by a motion to dismiss on the ground that the order was not final and hence not appealable. The motion to dismiss the appeal from the chancellor's order of August 6 was granted by this Court on December 2, 1970.

In the interim the cause had been advanced to a decree of foreclosure which was dated October 12, 1970. The final decree recites that all defendants, except the defendant Koerber, had defaulted by failure to appear or answer the complaint. The decree also incorporates the substance of the prior ruling that

the defendant Koerber has no standing as an attaching creditor to defend the action and has no right to redeem the mortgaged property from foreclosure.

The defendant Koerber also filed a timely notice of appeal from the decree of foreclosure. We denied, *pro forma,* the plaintiff's second motion to dismiss the Koerber appeal, and granted the appellant an opportunity to comply with 12 V.S.A. § 4601, governing appeals in foreclosure proceedings. After notice and hearing, the chancellor granted the requisite permission for review with a provision to afford the plaintiff security, pending disposition of the case on appeal. The case is now ready for review.

The first assignment of error claimed by the defendant Koerber is directed to the chancellor's order which denied him standing and precluded him from defending the action. The findings make it clear that this aspect of the decree is founded on the fact that the town clerk of Middlesex failed to record the Koerber attachment of May 5, 1967.

Koerber's appeal does not challenge the priority of the plaintiff's mortgage lien. And we are not dealing with the rights of a subsequent bona fide purchaser who acquired the property without notice of the attachment. Compare *Burchard, Wilson & Co.* v. *Fair Haven,* 48 Vt. 327, 335 (1875).

█ The mortgage sought to be foreclosed was executed and recorded in June, 1966. It was prior in time and recording to Koerber's action against Middlesex College, which was not begun until June, 1967. As far as the plaintiff's mortgage is concerned, Koerber's standing is that of a subsequent attaching creditor.

█ The attachment was effected when the officer lodged the copy of the writ, with the endorsement of his return, in the office of the town clerk. The actual recording of the entries respecting the writ was the duty of the town clerk, but such record, or the want of it, does not constitute any part of the attachment itself. The defendant's lien is unaffected by the neglect of the town clerk to enter it in the town records. *Braley* v. *French,* 28 Vt. 546, 551 (1856). See also *Burchard, Wilson & Co.* v. *Fair Haven, supra,* 48 Vt. at 334.

When the writ with the return was deposited with the town clerk, in accordance with the direction of the statute, Koerber's lien against the debtor's estate was created. It reached whatever equity remained in the mortgagor at the time of the filing. *West-Nesbitt, Inc.* v. *Ralston Purina Company*, 128 Vt. 498, 266 A.2d 469, 472 (1970). This included the right, as a junior encumbrancer, to redeem the mortgagor's equity from foreclosure. And while one succeeding to the interest of the mortgagor is not a necessary party to the proceeding, the decree of foreclosure will not bind him unless he has been joined as a party defendant. *Bullard* v. *Leach*, 27 Vt. 491, 496 (1854). 55 Am.Jur.2d *Mortgages* § 572; 59 C.J.S. *Mortgages* § 834.

According to our statute, the defendant Koerber, as a subsequent attaching creditor, is a proper party and he was joined as such at the suit of the plaintiff. 12 V.S.A. § 4523(b).

We hold the attachment made in Koerber's action at law against Middlesex College created a specific lien on the lands of the college. Although subordinate to the mortgage lien, it vested in Koerber, as the attaching creditor, a right in equity to redeem the property from the prior encumbrance as his interest should appear. *Chandler* v. *Dyer*, 37 Vt. 345, 350 (1864).

The order of the foreclosure, in effect, excluded Koerber as a party defendant and denied his right to redeem the premises as a subsequent attaching creditor. To this extent the decree was incorrect. The first assignment of error is sustained.

The remaining error claimed by the defendant Koerber contends that the assignment of the mortgage to the plaintiff is fraudulent as to creditors of the mortgagor. His argument proceeds on the assumption that the plaintiff, or her predecessor, is or was a corporate director of the mortgagor. His brief makes no reference to any part of the record to support the claim that the plaintiff assignee was a director of the mortgaging corporation. Neither is there support in the record on appeal to sustain the claim that the assignment was fraudulent. And our search of the record fails to disclose that the point was either raised or considered in the proceedings which gives rise to this appeal. On this state of the record the

error claimed is not subject to review. *State* v. *Dolley*, 124 Vt. 376, 377, 205 A.2d 572 (1964) ; *Norway* v. *Petit*, 112 Vt. 453, 454, 28 A.2d 380 (1942).

*Decree of foreclosure is vacated and cause remanded.*