## FRANKLIN V. CANNON.

If a deed, after it is received and entered upon, received for record, remains unrecorded through no fault of the grantee, he is not to be prejudiced by it.

Altering the security of a debt doth not remove the lien on land mortgaged for payment. ʼ

ACTION of ejectment for a tract of land. Plea — No wrong or disseisin. Issue to the jury.

The plaintiff attached this land as the property of Quintard, recovered judgment and had execution against him and had it levied upon the land in July A. D. 1790. This was his title.

The defendant set up a mortgage deed from said Quintard, dated the 3d of April A. D. 1773, conditioned to pay £215 17s. York money by 1st of March 1774; the deed was carried to the town register soon after it was executed and entered upon, received for record, and lay upon file in said register's office, after the plaintiff attached said land and before judgment was recovered, said deed was recorded at full length, and no reason was assigned why it was not sooner recorded. The original security for said £215 17s. did not appear, but a note was produced, dated the 4th of April A. D. 1786 for £52 lawful money, on which was a memorandum written, that when said note was paid, it being the balance due, said mortgage was to be void. Quintard ever remained in possession of the premises.

The jury found a verdict for the defendant, which was accepted by the court.

It did not appear in this case that the defendant was any-wise the cause of said deed's remaining so long unrecorded, or but that it was owing to the negligence of the town clerk. The new note for £52 lawful money appeared to be a part of the original mortgage money, and the changing of the security had not discharged the debt nor altered the lien upon the land.