GARRY BACON *against* LEVI NORTON and HEWIT HILLS.

*A.* made his promissory note to *B.,* upon an usurious agreement; *B.* transferred the note to *C.;* in a suit on the note against *A.* in the name of *B., A.* with full knowledge of the transfer, procured and pleaded the release of *B.,* in bar; whereupon, *C.* brought his action against *A.* for the fraud; held, that such action was not sustainable, on the ground, that the note was usurious.

MOTION for a new trial.

This was an action on the case, brought by *Bacon* against *Norton* and *Hills.* The cause was tried before the Superior Court, upon the plea of *not guilty;* and a verdict was returned for the defendants.

The declaration stated, that the plaintiff owned and possessed a certain promissory note, executed by the defendants to *Alvin Case* and *Alexander Case,* for the sum of one thousand three hundred and seventy dollars, dated the 13th day of *January,* 1804, and payable within two years, with interest; that on or about the 25th day of *February,* 1808, the plaintiff gave notice to the defendants, that the note was his property, and demanded payment of the contents; that the plaintiff caused a suit to be brought on the note, in the name of *Alvin Case* and *Alexander Case* against the defendants, returnable to the County Court, for *Litchfield* county, at the *December* term, 1808; that in the County Court, the defendants pleaded a release, in bar of the action, of the following tenor, *viz.* " *Palatine, June* 1st, 1808, received of *Hewit Hills* and *Levi Norton,* one thousand three hundred and ninety-two dollars, being in full of a note given to us by said *Hills* and *Norton,* dated *Winchester, January* 13th, 1804, given for one thousand three hundred and seventy dollars, payable in two years from date, with interest; therefore, we discharge the same."

" *Alvin Case,*

" *Alexander Case.*"

Whereby the action was barred, and judgment was rendered in favour of the defendants, for costs; to the payment of which the plaintiff was subjected; and it was averred, that the release was executed without any lawful consideration whatever, and was obtained by the defendants, and by them pleaded in bar of the action, with the sole view of cheating and defrauding the plaintiff. The insolvency of *Alvin Case*

and *Alexander Case*, and science of the assignment of the note to the plaintiff, were also averred.

On the trial, the defendants, having given notice according to the rule, exhibited evidence to the jury, that the note mentioned in the declaration, and the assignment and transfer of it, by *Alvin Case* and *Alexander Case*, to one *Jabez Bacon*, from whom the plaintiff derived his title, were made and procured upon an usurious consideration, and in pursuance of a corrupt and usurious agreement, to which, the defendants, *Alvin Case*, *Alexander Case*, and *Jabez Bacon*, were parties and privies; but that no evidence was offered to prove, nor was it claimed by the defendants, that the plaintiff was either party or privy to such usurious consideration or agreement. It was, therefore, claimed by the plaintiff, that such usurious agreement formed no legal ground of defence to the action.

No evidence was offered, on the trial, to prove the insolvency of *Alvin Case* and *Alexander Case*, at the time the release was executed. It appeared, that the plaintiff's title to the note in question, was derived by virtue of a gift from his mother *Lydia Bacon*, who received it as a part of the estate of her deceased husband, *Jabez Bacon*, in pursuance of his last will and testament.

The court, in their charge, instructed the jury, that if the note, and the assignment of it to *Jabez Bacon*, were made upon an usurious consideration, the law was so, that the plaintiff was not entitled to recover. The jury having found a verdict for the defendants, the plaintiff moved for a new trial, on the ground of a misdirection; and the court reserved the question for the consideration of the nine judges.

*Daggett* and *Gould*, in support of the motion, contended,

1. That the plaintiff was the lawful proprietor of the note, and entitled to all the rights of a *bona fide* purchaser without notice.

2. That the defence of usury could not be made in this action.

VOL. V.                                   R

BACON
v.
NORTON.

*N. B. Benedict* and *P. Miner*, contra.

They contended, 1. That the note was originally void; and therefore, that the discharge furnished no cause of action.

2. That the usurious agreement between the parties to the note, was a legal ground of defence.

3. That the action should have been brought against the assignors of the note, and not against the makers.

INGERSOLL, J. (After stating the case.) The question now is, whether a new trial ought to be granted? My opinion is, that there ought to be no new trial. Without taking into consideration, how the case would stand, if the note had not been executed upon an usurious consideration, yet, as it was so executed, I am very clear, that the action is misconceived. It is a point now perfectly settled, that a note, the consideration of which is usurious, may not only be avoided by the promissor, while in the hands of the promissee, but also, (if negotiable,) in the hands of any indorsee. This is on the ground, that it being an instrument originally void, and not binding on the promissor, it must always, so far as respects him, remain so. It will always be competent for him to say, when called upon to fulfil his agreement, I am not obliged to fulfil it; nor can the promisee or indorsee, by any form of action, recover against him, for availing himself of a defence, when sued on the note, which the law has put into his hands.

The principle is, and must be, precisely the same, if the note be not negotiable. The assignee, in the latter case, can have no better right than the indorsee in the former case. If he sues the promissor, for his own benefit, in the name of the promissee, he cannot recover. If he turns round, and sues the promissor for availing himself of the usury contained in the note, he must also fail.

If this be not a correct principle, the statute against usury is but a dead letter. Strange, then, would it be, if the promissor, in the one case, might tell the court, with success, that the note was usurious and void; and yet, if he avoided it, by means of a release, he would be liable. This cannot be

so.   If the note be void, and payment of it cannot be enfor-
ced in a court of justice, a discharge of it, can be no legal
damage, either to the promissee or assignee.   I therefore,
would not advise a new trial.

The other judges severally concurred in this opinion.

New trial not to be granted.