### HINE and another *against* ROBBINS and others.

In an action on the case for fraudulently withdrawing from the town-clerk's office a deed of land from *A.* to the plaintiff and *B.*, which the plaintiff had left there to be recorded, on which the town-clerk had entered "*received for record,*" but which had not been recorded at length, and for then obtaining a deed of the same land from *A.* and *B.*, and procuring it to be recorded ; the defendant offered evidence to prove, that the plaintiff's deed was given without consideration and to defraud creditors, and that the defendant's deed was executed *bona fide* and in satisfaction of a just debt ; it was held, that such evidence was inadmissible, as the plaintiff's deed, assuming the facts claimed by the defendant to be true, was valid as between the parties thereto, and a creditor, though he might avoid it, had no right to take it by force or fraud.

In such case, it was also held, that the assent of *B.* to the act of the defendant in withdrawing the deed in question, constituted no defence ; as *B.*, though tenant in common with the plaintiff, could not prejudice his rights.

If a deed be lodged with the town-clerk for record, and be entered upon by him "*received for record,*" and then be withdrawn surreptitiously, by a third person, before it is recorded at length ; this will not defeat the title of the grantee.

Still the grantee, in such case, is entitled to recover damages for the embarrassment to which his title is thus subjected.

If the jury return a verdict in opposition to the direction of the court, in a matter of law, and refuse to return a different one, the court cannot record a verdict in opposition to that given by the jury.

THIS was an action on the case, brought by *Lydia Hine* and *Clarissa Hine*, alleging, that the plaintiffs, with *Samuel W.*

*Barnes,* had obtained from *Levi Merriman,* who has since become bankrupt, a deed of his land in *Granby,* for the security and payment of their respective debts, *viz.* a debt to the plaintiff *Lydia* of 300 dollars, and to the plaintiff *Clarissa* of 250 dollars, and to *Barnes* a sum not specified ; that such deed was left, by the plaintiffs, with the town-clerk of *Granby,* and was by him received, who made an entry thereon, that it was received for record ; that while it was in this condition, and not recorded at length, the defendants, having obtained the assent of *Merriman* and of *Barnes,* by fraudulent misrepresentations, took it away ; and that having procured another deed from *Merriman* and *Barnes,* releasing their right and interest in the same land to the defendants, procured the last-mentioned deed to be recorded ; whereby, as the plaintiffs averred, they have lost their title to the land.

The cause was tried, on the general issue, at *Hartford, February* term, 1831, before *Peters, J.*

It was admitted, that the deed from *Merriman* to the plaintiffs and *Barnes* was left with the town-clerk to be recorded ; and that an entry was, at the time, by him made upon it, that it was " *received for record.*" The plaintiffs also claimed to have proved all the facts alleged in their declaration. The defendants offered evidence to prove that such deed was given without consideration, and was made to defraud the creditors of *Merriman ;* and that the deed of the same land from *Merriman* and *Barnes* to the defendants, was given in payment of a debt justly due to them. To the admission of this evidence the plaintiffs objected ; but the court admitted it.

It was admitted, that the defendants had taken the deed from the town-clerk's office, with the permission of the clerk, and by virtue of an order from *Merriman* and *Barnes ;* and they claimed, that if the plaintiff's deed was not fraudulent, yet they were tenants in common with the plaintiffs of the land conveyed, and equally entitled with them to the deed ; that the lodging of the deed with the town-clerk for record, was sufficient to vest the title in the grantees ; and consequently, that the withdrawal of it, by the defendants, was no cause of action to the plaintiffs.

The court charged the jury, that in consequence of the plaintiff's deed having been left for record with the town-clerk, and the entry made thereon by him, the title to the premises became vested in the grantees ; that by means of the

subsequent deed and order from *Merriman* and *Barnes* to the defendants, they became tenants in common with the plaintiffs in the premises, and equally entitled to the deed ; and that the withdrawal of it from the town-clerk's office, by the defendants, gave the plaintiffs no right of action against them. The court accordingly directed the jury to return a verdict for the defendants.

The jury refused to return such a verdict ; whereupon the court ordered the clerk to record a verdict for the defendants ; which was done. The plaintiffs then moved for a new trial.

*W. W. Ellsworth* and *Toucey*, in support of the motion, contended, 1. That the plaintiffs had sustained an actionable injury. The question is not, here, *how great* is the injury. It consisted, first, in preventing the title from being *perfected.* The deed, by being left with the town-clerk, and entered upon " received for record," was not recorded. The statute requires all deeds to *" be recorded at length."* Until this has been done, no record is made. *Stat.* 302. Secondly, the conduct of the defendants has *prejudiced* the plaintiffs' title, by encreasing the difficulty and expence of vindicating it. Thirdly, it has subjected the plaintiffs to other inconveniences. The deed may be lost ; it cannot be seen by creditors, &c. Here was *damnum cum injuria. Welles* v. *Hutchinson,* 2 *Root* 85.

2. That the defendants had no right to do the acts complained of. First, as tenants in common, they cannot impair the plaintiffs' title. Secondly, if the deed was without consideration, and given to defraud the creditors of *Merriman,* this did not justify the defendants. The deed was valid as between the parties. It was the property of the plaintiffs ; and the defendants had no more right to deprive them of it, than to take from them any other muniment of title.

3. That the court cannot record a verdict against the finding of the jury. The plaintiffs had a right to have the jury pass upon the facts in issue ; and then the defendants might have moved in arrest of judgment, or for judgment in their favour *veredicto non obstante*, or for a new trial. As the record now stands, it shews that the facts stated in the declaration are untrue. The judge who tried the cause, will not say, that those facts were not proved. He did not proceed upon that ground ; but directed a record to be made that they were untrue, solely because he thought the plaintiffs were not enti-

tled to recover. This was a novel and unauthorized course of proceeding. This verdict of the court, in opposition to the finding of the jury, ought to be set aside.

*N. Smith* and *Hungerford*, contra, contended, 1. That the admission of testimony to show, that the deed from *Merriman* to the plaintiffs and *Barnes* was fraudulent and void as to creditors, and that the deed from *Merriman* and *Barnes* to the defendants, was given in satisfaction of just debts due from *Merriman* to the defendants, was proper. The plaintiffs say in their declaration, that they had a valid deed. The defendants then offer to shew, that the deed in question was invalid against the creditors of *Merriman*, and that the defendants were such creditors. This met the claim of the plaintiffs, and was within the issue. But secondly, if the deed was valid for any purpose, the evidence was admissible to affect the damages. Thirdly, if the evidence was inadmissible, it became immaterial by the charge of the court ; and if *that* can be vindicated, a new trial will not be granted on this ground.

2. That the lodging of the deed with the town-clerk for record, and the entry made thereon, by the clerk, of its being received for record, vested the title in the grantees ; and consequently, the title of the plaintiffs has not been impaired, by the act of the defendants in withdrawing the deed. After a deed has been executed and acknowledged, all that the grantee has to do, is to carry it to the town-clerk's office and there leave it to be recorded. The title is then perfected. It is the duty of the town-clerk to record it at length ; and for a neglect of this duty he may be liable, according to the decision in *Welles* v. *Hutchinson,* 2 *Root* 85. ; but the title of the grantee is not affected. This does not depend upon the town-clerk's doing his duty. The recording is no part of the conveyance. The object of it is to give notice. If a deed is not even left for record, the title is good against those, who in fact have notice of its execution. *Botsford* v. *Morehouse,* 4 *Conn. Rep.* 550. *Coe* & al. v. *Turner* & ux. 5 *Conn. Rep.* 86. *Gilbert* v. *Bulkley,* 5 *Conn. Rep.* 262. 1 *Swift's Dig.* 127. *Bolton* v. *The Bishop of Carlisle,* 2 *H. Bla.* 259. 263.

3. That by means of the deed and order from *Merriman* and *Barnes* to the defendants, they became tenants in common with the plaintiffs ; and that, therefore, the withdrawal of the former deed from the town-clerk's office, by the defendants, in the manner stated in the motion, constituted no cause of action

in favour of the plaintiffs against the defendants; no special damage having been stated. One tenant in common cannot sue the others, to recover possession of documents relating to their joint estate; neither having a right to the exclusive possession of them. *Clowes* v. *Hawley*, 12 *Johns. Rep.* 484. 488.

4. That where the issue turns on a point of *law*, it is the right and duty of the court to controul the verdict. The jury are bound to obey implicitly the direction given to them; and the court must have the power to enforce its decision. But at any rate, as both law and justice have been done, a new trial will not be granted. If the cause goes back, it must be merely to have the jury walk the figure of bringing in just such a verdict as is now on the record.

DAGGETT, J. The first question presented by the motion, is, whether the judge, at the circuit, erred in admitting testimony, introduced by the defendants, to show, that the deed of the plaintiffs from *Merriman* was fraudulent, and also, testimony to show, that their deed from him was *bona fide*. This is certainly a novel mode of contesting the validity of a deed challenged to be fraudulent. It should be borne in mind, that this deed, if made to defraud creditors, was good betwen the parties; and it may well be doubted, if it be any valid excuse for the defendants' conduct in procuring this deed from the town-clerk's office, that had they proceeded legally, and contested the deed, they could have shown it void. It is not, in any respect, like the case of *Bacon* v. *Norton*, 5 *Day* 128. in which it was holden, that the assignee of a promissory note might give, and the maker might take a discharge from a usurious note, after assignment without fraud. The note there was void to all intents and purposes. Here the deed is good against every body but creditors. They, indeed, may avoid it; not however, by force or fraud.

It was further insisted, that *Barnes* being a tenant in common with the plaintiffs, and he assenting to the withdrawal of the deed from the town-clerk's office, the defendants ought to be excused for the attempted destruction of this title. It is true, that he held by the same deed with the plaintiffs; but this could not authorize him to assent to the destruction of their title. Their only connexion was, holding under the same deed; and surely, no act of his could prejudice their rights.

It was also insisted, that by these acts of the defendants, the

title of the plaintiffs to this land, was not destroyed. To this idea I give my assent. If in consequence of this deed's being taken from the office, another title has been attempted to be created in a *bona fide* purchaser or creditor without notice, still the plaintiffs' title is not defeated. It would be monstrous to suppose otherwise. If a deed lodged with the town-clerk and entered upon by him "received for record," according to our statute, (*p.* 459.) should be stolen or burned, the title would not be defeated. All the cases on this subject are one way. *McDonald* & al. v. *Leach, Kirby* 72. *Botsford* v. *Morehouse* & al. 4 *Conn. Rep.* 550. *Coe* & al. v. *Turner* & ux. 5 *Conn. Rep.* 86. *Gilbert* v. *Bulkley,* 5 *Conn. Rep.* 262. 1 *Swift's Dig.* 127. *Woodward* v. *Aston,* 1 *Vent.* 296. *Bolton* v. *The Bishop of Carlisle,* 2 *H. Bla.* 259. 263.

The opinion of the court, then, that these acts did not destroy the plaintiffs' title, was correct; but that therefore, the jury ought to find a verdict for the defendants, is incorrect. The defendants, upon the facts, which were proved or admitted, had violated the plaintiffs' rights, destroyed their deed and thus created an embarrassment to their title; and all this was done with design to injure them, which ought to subject the defendants to just damages.

There is another ground for a new trial. The jury refused to obey the instruction of the court, and to return a verdict for the defendants. The court, upon this, ordered a verdict to be entered up for the defendants. This certainly was incorrect. By the 59th section of the statute under the title of *"Actions civil,"* the court have power to return a jury to a second and third consideration, where they shall have mistaken the evidence, or brought in their verdict contrary to the direction of the court, in a matter of law. The court has the further power of granting a rule to show cause why a new trial should not be granted, where the law has been misapprehended, or where the jury have not obeyed their instruction in a matter of law; but the court cannot enter up a verdict, without one is offered, and especially, if the jury refuse to present it.

For these reasons I would advise a new trial.

HOSMER, Ch. J. and PETERS, J. were of the same opinion.

WILLIAMS, J. gave no opinion, having been of counsel in the cause; and BISSELL, J. was absent.

New trial to be granted.