BUTCHERS' ICE AND SUPPLY COMPANY *vs.* RICHARD S. BASCOM ET AL.

First Judicial District, Hartford, May Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

434

Argued May 15th—decided July 10th, 1929.

*Frank Covello,* with whom, on the brief, was *Francis A. Pallotti,* for the appellant (plaintiff).

*Ralph M. Grant,* for the appellees (defendants).

BANKS, J.   The sole question here involved is whether a certificate of attachment of real estate duly lodged in the office of the town clerk and received and filed by him, but which he fails to record or index, effects a valid attachment of the property as against a subsequent purchaser in good faith without actual notice of the attachment.   In August, 1925, the plaintiff brought suit against John F. O'Conner and Helen M. O'Conner, who owned real estate located in the town of Glastonbury, and the officer to whom the writ in that action was given for service lodged with the town clerk of Glastonbury a certificate of attachment of that real estate in the usual form, which was received by the town clerk and marked, "Received, 11 a. m., Aug. 17th, 1925, and filed."   Later the same day the officer left in the town clerk's office a town clerk's return attached to a copy of the process under which the attachment was made, with an indorsement of his doings thereon, which was received by the town clerk and marked, "Received, 2 p. m., Aug. 17th, 1925, and

filed." The town clerk kept the certificate of attachment and the town clerk's return in a drawer of a desk in his office where he ordinarily kept such instruments, but did not record the certificate of attachment or the names of the parties to the suit in any book kept for that purpose. The plaintiff subsequently obtained a judgment against the O'Connors in this action and on March 5th, 1926, caused to be recorded in the town clerk's office in Glastonbury a judgment lien. The defendants Bascom acquired title to the property on March 12th, 1926, having no actual knowledge of the plaintiff's attachment.

The contention of the defendants is that the attachment of this real estate made or attempted to be made in the manner described, did not constitute a valid lien as against these defendants who were subsequent purchasers without notice. Primarily the question involved is one of the construction of our statutes regulating the attachment of real estate. Section 5864 of the General Statutes (since amended in a matter not here material) provides: "Real estate shall be attached by the officer by lodging in the office of the town clerk of the town in which it is situated a certificate that he has made such attachment, which shall be indorsed by the town clerk with a note of the precise time of its reception, and kept on file, open to public inspection, in the office of said town clerk; and said attachment, if completed as hereinafter provided, shall be considered as made when such certificate is so lodged. The certificate shall be signed by such officer, shall describe the land attached with reasonable certainty, and shall specify the parties to the suit, the authority issuing the writ, the court to which the process is returnable, and the amount of damages claimed; and the officer shall, within four days thereafter, leave in the office of such town clerk a certified copy of the process under

which the attachment was made, with an indorsement of his doing thereon; and unless the service shall be so completed, such estate shall not be held against any other creditor or bona fide purchaser."

This section of the statutes purports to set forth the procedure requisite to the making of a valid attachment of real estate. It details the action required of the officer having the writ, first, to lodge in the office of the town clerk a certificate that he has made such attachment, and second, to leave, within four days thereafter, a copy of the process in the office of the town clerk with an indorsement of his doings thereon. It prescribes the contents of the certificate of attachment, and the action required of the town clerk, to wit: that he shall indorse upon the certificate a note of the precise time of its reception and keep it on file open to public inspection in his office. It provides that the attachment, if completed as therein provided, "shall be considered as made when such certificate is so lodged" and that unless the service is so completed "such estate shall not be held against any other creditor or bona fide purchaser." The officer having this writ for service did all that this statute required him to do, and completed the attachment as therein provided. The town clerk also did what this statute required of him, and, so far as its requirements are concerned, the attachment must be considered as made when the certificate of attachment was lodged in the town clerk's office, and as sufficient to hold the estate attached against the defendants as subsequent bona fide purchasers. Section 5864 is found in Chapter 301 of the General Statutes, which treats of attachments and which contains no other or different provisions as to the procedure requisite to the making of a valid attachment of real estate. Chapter 17 of the General Statutes treats of the duties of town clerks, and § 318 in that chapter

provides: "When any real estate shall be attached, the town clerk in whose office the certificate of attachment is left, shall record it, or the names of each party to the suit, the amount of damages claimed in the complaint, with the description of said attached estate as set forth in said certificate of attachment, in a book kept for that purpose. . . ." Chapter 29 of the Public Acts of 1923 (since amended in a matter not here material) provides: "Each town clerk, upon receipt of an instrument for record, shall indorse thereon the hour, day, month and year of its receipt, and shall immediately enter in an index book kept for the purpose the nature of the instrument, the names of the parties and the time of its receipt as indorsed upon such instrument." The defendants contend that the failure of the town clerk of Glastonbury to record and index this certificate of attachment in accordance with these statutory provisions renders it invalid as against subsequent purchasers.

The provisions for the filing of a certificate of attachment in the town clerk's office is a substitute for the old form of attachment of real estate which was by an entry on the land. Prior to 1855 the officer was only required to leave a copy of the process, with a description of the estate attached, at the town clerk's office. Chapter 95 of the Public Acts of 1855 (p. 117) is the prototype of § 5864 of the General Statutes. It provided that it should not be necessary for the officer to go upon the land but required, in substantially the language of the present statute, the lodging of a certificate of attachment in the office of the town clerk and the subsequent leaving there of a certified copy of the process with an indorsement of his doings thereon. Prior to 1854 there was no provision for the recording of the copy of the process then required to be left with the town clerk in the attachment of real estate though

the statute then required the town clerk to record deeds, mortgages and "executions levied on lands." Chapter 7 of the Public Acts of 1854 for the first time required the town clerk to record the copy of the process left with him, substantially as § 318 now requires the recording of the certificate of attachment. The statute does not now require the recording of the certified copy of the process which is left with the town clerk, although the purpose of leaving a copy of that instrument is to give notice that the attachment has been completed.

It will be observed that prior to 1854 reliance for notice to subsequent purchasers or lienors of an attachment of real estate rested solely upon the leaving of a copy of the process in the office of the town clerk. Since then the statute has imposed upon town clerks the duty of recording, at first a copy of the process, and now the certificate of attachment. A subsequent purchaser has now constructive notice of the recorded certificate as before he had constructive notice of the copy of the process left in the office but not recorded. Our Recording Act (§ 5091) provides that no conveyance shall be effectual to hold lands against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies. Our statutes contain no analogous provision making the validity of an attachment of land dependent upon the recording of the certificate of attachment. On the contrary, the provision of § 5864 is that the attachment, if completed as therein provided, "shall be considered as made when such certificate is so lodged" and the necessary implication from the provision that "unless the service shall be so completed, such estate shall not be held against any other creditor or bona fide purchaser," is that if the service is so completed the estate shall be so held. The Massachusetts statute regu-

lating the attachment of real estate is not unlike our own, providing for the deposit of a copy of the writ in the office of the clerk of the courts and requiring the clerk to enter on the attachment book the names of the parties and other details. In *Sykes* v. *Keating,* 118 Mass. 517, 519, the clerk failed to make the proper entries, and a subsequent purchaser took a conveyance of the property in good faith without knowledge of the attachment. The court, holding that the attachment was valid as against the purchaser, said: "But the performance of those acts by the clerk is not made a condition precedent to the validity of the attachment. The fifty-fourth section, as amended by the St. of 1860, C. 70, provides that the attachment shall take effect from the time the writ or copy is deposited. When the officer has deposited the writ or copy, he has done all which the law requires him to do in order to make a valid attachment. The clerk is in no sense the agent of the officer or plaintiff, and his failure to make the proper records according to the direction of the statute will not affect the attachment." *Braley* v. *French,* 28 Vt. 546, cited upon plaintiff's brief, is to the same effect, but is distinguished and apparently overruled in *Burchard* v. *Fair Haven,* 48 Vt. 327, in which it was held that, when the copy of the writ left in the town clerk's office was lost and not recorded as required by the statute, no valid lien was created as against a subsequent purchaser without notice. Decisions upon the precise point in question are to be sought of course only in those States permitting attachment upon mesne process and turn largely upon the precise language of the statute involved. Numerous cases are to be found as to the effect of the failure of the recording official to record and index a deed or other instrument of conveyance left with him for record, and they disclose a very decided conflict of au-

thority. Upon the one hand, it is held that a grantee has done all that the law requires of him to protect his title when he files his deed for record and that from that time it is constructive notice to a subsequent purchaser, whether recorded or not. Other courts hold that the subsequent purchaser is bound only by what the records disclose and that the burden is upon the grantee in the deed to see that it is recorded and indexed. Differences in the language of the recording statutes in the several jurisdictions account to some extent for the conflict in the decisions. It was held in two early cases in the Superior Court in this State that a grantee who had left his deed for record in the office of the town clerk ought not to be prejudiced by the neglect or failure of the latter to record it. *Franklin* v. *Cannon,* 1 Root, 500; *Judd* v. *Woodruff,* 2 Root, 298. In *Hine* v. *Robbins,* 8 Conn. 342, it was said that the surreptitious withdrawal of a deed by a third party, after it had been lodged for record would not defeat the title of the grantee. In *Lewis* v. *Hinman,* 56 Conn. 55, 13 Atl. 143, there was a mistake in the recording of a mortgage. The court said (p. 67): "The consequences . . . should not be visited upon the mortgagee. He did all he could do and all that the law required of him. He left his deed for record, and the record, by the statute, is to be as of that date. From that time, which necessarily antedates the actual recording, his title is secure. He cannot be prejudiced by any subsequent action without his fault." It is the policy of our law to make every man's title to his real estate, as far as practicable, appear of record, and the land records are constructive notice to all the world of any instruments there recorded. But the record does not invariably disclose every matter affecting the title to real estate. Instances are not rare in which the constructive notice of the record proves insufficient to

protect the interests of those for whose benefit it was intended but who do not for that reason have a right to priority. Whatever we might now hold, if the question arose, as to the respective priorities of a grantee of a deed lodged for record but failing of record through no fault of his, and of a subsequent purchaser without notice, it seems clear to us that when an attaching creditor has done all that the law requires of him to perfect his attachment of real estate, he should not lose the benefit of his attachment because of the failure of the town clerk to record the certificate of attachment, and that by the express terms of the statute his attachment if completed as therein provided, is made when the certificate is lodged in the office of the town clerk.

There is error, the judgment is reversed and the cause remanded to the Court of Common Pleas with direction to enter judgment in favor of the plaintiff.

In this opinion the other judges concurred.