[No. 24949. *En Banc.* June 15, 1934.]

JAMES WILFORD BATES, *Respondent,* v. MARY S. LUNDY, *as Executrix, Appellant,* FRANK J. DOYLE, *as Sheriff for San Juan County, Defendant,* H. C. McMILLEN *et al., Respondents.*[1]

*Allen, Froude & Hilen,* for appellant.

*Roberts, Skeel & Holman* and *Wm. Paul Uhlman,* for respondent Bates.

*Sather & Livesey,* for respondents McMillen *et al.*

[1]Reported in 33 P. (2d) 664.

BLAKE, J.—The plaintiff brought this action to enjoin the defendant Doyle, as sheriff of San Juan county, from selling certain real property under an order of sale issued out of the superior court of King county on a judgment in favor of Ira D. Lundy (now deceased), in an action in which Lundy was plaintiff and one Connor was defendant.

Lundy commenced his action against Connor in the superior court of King county February 13, 1930. On February 17th, he caused an attachment to issue, and placed it in the hands of the sheriff of San Juan county, who levied on the real estate in question. The levy was made by filing a copy of the writ, with a description of the property, with the county auditor of San Juan county. The county auditor, defendant McMillen, reversed the indexing of the writ, so that Connor's name appeared in the grantee, instead of the grantor, column of the index.

March 20, 1931, Connor sold the property to plaintiff, who caused his deed to be recorded. Lundy, having procured judgment against Connor, caused an order of sale to issue against the attached property. The sheriff was proceeding to sell when plaintiff instituted this action. Lundy brought McMillen, as county auditor, in as a party defendant, alleging in a cross-complaint that, if the attachment was not valid as against plaintiff, it was because of McMillen's negligence in entering the writ on the indexes. McMillen pleaded the statute of limitations. The trial court entered judgment enjoining the sale under execution, and quieting title to the property in plaintiff. Judgment was entered dismissing Lundy's cross-complaint against McMillen, on the ground that the statute of limitations had run against the cause of action. Mary S. Lundy, as executrix of the estate of Ira D. Lundy, appeals.

The issue presents two phases: (1) Is the county auditor required to index writs of attachment? (2) If he is, will his negligence in performing that duty defeat the attachment? (It is conceded that, if the statute provides that writs of attachment be indexed, the indexing of the writ, being reversed, did not constitute constructive notice of the attachment.)

In view of the conclusion we have reached on the second question, we shall neither discuss nor decide the first.

■ Prior to 1893, recording was necessary to the levy of a writ of attachment. Code of 1881, § 2727. Laws of 1893, chap. 119, p. 284, § 11, dispensed with recording. Since the passage of the latter act, the levy of the writ is made by filing a copy of it with the county auditor, in compliance with Rem. Rev. Stat., § 659, which provides:

"The sheriff to whom the writ is directed and delivered must execute the same without delay as follows:

"1. Real property shall be attached by filing a copy of the writ, together with a description of the property attached, with the county auditor of the county in which the attached real estate is situated."

It is conceded that this statute was complied with. Lundy and the sheriff had done all that the law required of them. The attachment was then made and completed. Assuming the auditor was required to enter the attachment in his indexes, can his subsequent negligence in so doing defeat the lien of the attachment, which, by the terms of the statute, had theretofore been affixed to the property? The weight of authority answers the question in the negative. 6 C. J. 261; *McLaughlin v. Phillips*, 10 Pa. County Reports 382; *Sykes v. Keating*, 118 Mass. 517; *Lewiston Steam Mill Co. v. Foss*, 81 Me. 593, 18 Atl. 288; *Butchers' Ice*

*& Supply Co. v. Bascom,* 109 Conn. 433, 146 Atl. 843. In the case last cited, the court says:

"The sole question here involved is whether a certificate of attachment of real estate duly lodged in the office of the town clerk and received and filed by him, but which he fails to record or index, effects a valid attachment of the property as against a subsequent purchaser in good faith without actual notice of the attachment. . . . It is the policy of our law to make every man's title to his real estate, as far as practicable, appear of record, and the land records are constructive notice to all the world of any instruments there recorded. But the record does not invariably disclose every matter affecting the title to real estate. Instances are not rare in which the constructive notice of the record proves insufficient to protect the interests of those for whose benefit it was intended but who do not for that reason have a right to priority. Whatever we might now hold, if the question arose, as to the respective priorities of a grantee of a deed lodged for record but failing of record through no fault of his, and of a subsequent purchaser without notice, it seems clear to us that when an attaching creditor has done all that the law requires of him to perfect his attachment of real estate, he should not lose the benefit of his attachment because of the failure of the town clerk to record the certificate of attachment, and that by the express terms of the statute his attachment if completed as therein provided, is made when the certificate is lodged in the office of the town clerk."

We are of the opinion that the lien of appellant's attachment was perfected when the sheriff filed with the county auditor a copy of the writ, with a description of the property attached. Assuming, but not deciding, the auditor was negligent in the performance of duties imposed upon him by law, such negligence was not chargeable to Lundy, nor could it defeat the lien of his attachment.

The judgment is reversed, and the cause remanded with directions to dismiss the action.

GERAGHTY, MILLARD, MAIN, MITCHELL, and STEINERT, JJ., concur.

TOLMAN, J. (dissenting)—The paramount purpose of our recording laws, considered as a system, is to give notice of matters affecting the title to real estate, in order that one purchasing in good faith, for value, and without notice to the contrary, may be fully protected in relying upon the record title. These laws are *in pari materia,* and should be so construed as to carry out the manifest legislative intent.

When the legislature, by the act of 1893, provided for the filing instead of the recording of a sheriff's attachment levy, there was manifestly no thought or intent that such a change could or would result in a failure to give notice by the public record, and the official action of every county auditor in the state during all of the forty years following rather convincingly establishes that fact.

If this be unsound reasoning, then what could be the purpose of either recording or filing the sheriff's levy? A recorded or a filed levy not indexed as to parties or as to the tract involved (and we have no tract indexes) would be as effectively concealed from the diligent searcher as the proverbial needle in a haystack. It would appear that a simple posting of notice upon the attached premises would be far more effective.

Therefore, in my opinion, the words contained in chapter 119, Laws of 1893, p. 285, § 12, now Rem. Rev. Stat., § 10603, which read:

"He [the county auditor] shall correctly enter in such index every instrument concerning or affecting

real estate which by law is required to be recorded, the names of the grantors being in alphabetical order.''

should be construed to read:

''He [the county auditor] shall correctly enter in such index every instrument concerning or affecting the record title to real estate, the names of the grantors being in alphabetical order.''

When considered in connection with the whole body of the recording laws, the manifest purpose of such laws, and the manifest purpose of the legislature in making the changes provided by the act of 1893, the construction now proposed is logical, just, and well within recognized rules of construction. The law favors the innocent purchaser for value, and an attaching creditor who seeks only to collect a preexisting debt has never, in this state, been construed to be a purchaser for value. As between an innocent purchaser for value and a creditor seeking collection of an antecedent debt, in my judgment, the construction which I give the act is imperative.

Since we are concerned only with the construction of our own statutory recording system and in arriving at the legislative intent in order to explain and correct an ambiguity, cases from other courts are of little help, and the weight or apparent weight of authority is of no moment when it becomes apparent that the legislature intended that adequate notice should be given to all the world, and that purchasers for value without notice might safely rely upon the public record. The official acts of the county auditors throughout the state, consistently followed for more than forty years, is of far greater convincing weight than any or all of the so-called authorities upon which the majority relies.

I therefore dissent from the conclusions reached by the majority.

While it is no longer of importance in this case, yet, in my opinion, the appellant is not without a remedy, and that remedy having been invoked in the alternative in this case, the appellant should have been permitted to recover against the county auditor and his surety for the damage caused by the auditor's neglect of duty in failing to properly index the levy of the attachment.

BEALS, C. J., and HOLCOMB, J., concur with TOLMAN, J.