## ASHLEY REALTY COMPANY, INC.
### vs.
## THE METROPOLITAN DISTRICT

Court of Common Pleas    Hartford County    File No. 42213

MEMORANDUM FILED AUGUST 23, 1944.

*John P. Cotter, N. A. Schatz* and *L. M. Schatz,* of Hartford, for the Plaintiff.

W. *Arthur Countryman,* of Hartford, for the Defendant.

CULLINAN, J. The City of Hartford, by special legislative act, is within the confines of the Metropolitan District of the County of Hartford. (See Act creating a Metropolitan District within the County of Hartford — Act No. 511, Special Acts of 1929.) The Metropolitan District, among its multiple duties, is charged with the layout, building, and maintenance of sanitary sewers within its territorial limits.

Acting within its conceded statutory power, the Metropolitan District, through its Bureau of Public Works, in 1939 and 1940, constructed a sanitary sewer in Grove Street, a public highway in the City of Hartford. By virtue of this completed project, the plaintiff's property, fronting on Grove Street, is said to have been benefited. Further, the Metropolitan District contends it has caused to be filed a valid certificate of lien to secure its assessment of such benefits. The plaintiff corporation, on the other hand, claims that the purported certificate of lien is without validity and seeks a decree to this effect.

Section 60 of the aforesaid Act creating a Metropolitan District within the County of Hartford provides, *inter alia,* that its Bureau of Public Works shall give notice of such benefits as are due and payable by reason of the completion of the construction of any public improvement. The benefits thus found due and payable become a lien upon the land on account of which they are assessed. These benefits, however, are not to remain

Metropolitan District thus acquired a valid statutory lien a lien on the affected property "for a longer period than *three months* from the date of the last publication of the notice of the final layout or completion of such....improvement.... unless the bureau of public works shall, *within that time, lodge with the town clerk of the town wherein the land lies, for record, a certificate signed by the clerk of said bureau describing such premises, the amount assessed and the public work or improvement for which it was assessed.*" (Italics added.)

On October 26, 1940, notice of the completion of the Grove street sewer was published for the final time, together with the intelligence that benefits assessed therefor had become due and payable. Having completed this final publication, the Metropolitan District thus acquired a valid statutory lieu against the plaintiff's property, since there is no question but that the plaintiff's property was benefited by the sewer installation and that the assessment of benefits was equitable.

As the succeeding three-month period was about to draw to a close and since the Metropolitan District had failed to receive any payment on account of the plaintiff's indebtedness, the clerk of the Bureau of Public Works of the Metropolitan District prepared a certificate bearing his signature, describing the plaintiff's premises, and detailing the amount assessed against the plaintiff as well as the improvement for which the assessment had been made. In this fashion he attempted to preserve the district's lien by preparing, within the three-month period, a certificate incorporating the statutory essentials.

On January 27, 1941, the last day on which a certificate of lien could effectively be lodged with a town clerk to preserve the lien against the plaintiff's property, the clerk of the Bureau of Public Works, bearing a number of certificates, including the one in controversy, called at the office of the town clerk of the City of Hartford. By reason of the cordiality which existed between public offices and municipal agents in the City of Hartford, the clerk of the Bureau of Public Works did not visit that part of the town clerk's office customarily used by the public; electing, rather, to visit with the assistant town clerk in a private or restricted section of the town clerk's suite. After exchanging pleasantries, the clerk of the Bureau of Public Works deposited his lot of certificates on the assistant town clerk's desk and departed without offering fees for the recordation of the instruments.

For some inexplicable reason the controversial certificate of lien was not processed by the town clerk's staff on the day of its delivery. On the contrary it appears to have been lost to view until February 18, 1941, when it was stamped by the town clerk's employees with the following entry: "Received Feb. 18, 1941, 11:11 a.m. and recorded in the records of the Town of Hartford."

There is no doubt but that the clerk of the Bureau of Public Works prepared the certificate of lien, and I am satisfied of its delivery to the assistant town clerk of the City of Hartford on the last day of the three-month period. Nevertheless, between January 27, 1941, the date of delivery of the certificate of lien, and February 18, 1941, the date on which it was stamped as having been received and recorded, the instrument enjoyed an uncertain existence since it was no longer a document within the control of the Bureau of Public Works and since it had acquired no effective status as a recorded document. By reason of the delay, however, the three-month period expired and the Metropolitan District failed to preserve its lien against the plaintiff's property.

In defense or justification of the incident, the Metropolitan District insists that the sole duty of its Bureau of Public Works was "to lodge" the certificate with the town clerk of Hartford within the three-month period. In other words, the mere leaving or depositing the certificate with the assistant town clerk is said to have been a lodging for record.

"We do not understand the word 'lodge'....to mean simply to leave with or in the possession of the officer [town clerk of Hartford]. In our opinion it imports that the instrument or writing 'lodged' is to be made a matter of record in some way." *Wilson vs. Hines,* 99 Ky. 211, 229, 35 S. W. 627, 629.

The Metropolitan District relies heavily on *Butchers' Ice & Supply Co. vs. Bascom,* 109 Conn. 433, wherein it was held that a certificate of attachment of real estate duly lodged in the office of a town clerk and received and filed by him, but which he failed to record or index, effected a valid attachment of the property as against a subsequent purchaser in good faith without actual notice of the attachment. I think, however, there are fundamental distinctions between the facts before the court in *Butchers' Ice & Supply Co. vs. Bascom* and the instant facts.

In the first instance all that the attaching officer could do to make a valid attachment was done by him — he followed the statute governing the making of an attachment, and at the time of lodging the certificate of attachment he paid the fees for its recordation. In the present situation, however, the clerk of the Bureau of Public Works, undoubtedly following previous custom, merely deposited the certificate of lien on the assistant town clerk's desk and made no effort to pay for its recordation. Further, the town clerk of Glastonbury in *Butchers' Ice & Supply Co. vs. Bascom,* immediately upon receipt of the certificate of attachment, noted its receipt and filing by stamping thereon, "Received, 11 a.m., Aug. 17th, 1925, and filed." No such procedure was resorted to in the instant matter, since the first notation on the certificate of lien appears to have been made February 18, 1941 — twenty-two days after it had been left with the assistant town clerk.

The policy of our law that all interests in land shall, as far as practicable, appear on the land records is grounded in prudence. Nothing, I believe, should be done to weaken the effectiveness of our registry system. *Goldberg vs. Parker,* 87 Conn. 99; *Hawley vs. McCabe,* 117 *id.* 558; *Swaye vs. Murphy,* 126 *id.* 497.

Accordingly, it is decreed that the purported lien of the Metropolitan District of the County of Hartford, filed against property of the plaintiff corporation at 249 Front Street, corner of Grove Street, and 80-94 Grove Street in the City of Hartford, and received by the town clerk of the Town of Hartford on Feb. 18, 1941, at 11:11 a.m. and recorded in vol. 715, page 629, of the land records of the Town and City of Hartford, is null and void.

Incorporated in the defendant's answer is the allegation that the amount of the assessment with interest and lien fees has not been paid. Thus the defendant seeks a judgment for the amount of said assessment, interest and lien fees. Obviously this claim is in the nature of a counterclaim, although embraced within what purports to be the defendant's answer.

Despite the informality of pleading, I am willing to treat the allegation as a counterclaim.

Therefore judgment may enter for the defendant to recover from the plaintiff the unpaid assessment in the principal sum of $204.87, together with accrued interest.