[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISSOLVE OR MODIFY PREJUDGMENT ATTACHMENT (#102)
The court has for its consideration a motion of the defendants, Edward G., Paul J., and Susan M. Fitzpatrick, and Lisa J. Barry to dissolve or modify pre-judgment attachments of real estate made by the plaintiff, a foreclosing mortgagee, without application or hearing. The attachments were made pursuant to52-278f of the General Statutes and commercial waivers obtained from Edward G. and Paul J. Fitzpatrick.[1]
The defendants argue that the attachments are unlawful and should be dissolved for the following reasons:
 (1) Notwithstanding any right the plaintiff may have to ex-parte attachments based on the defendants' waiver, the mortgage foreclosure action bars any other remedy to collect the mortgage debt except collection of a deficiency judgment pursuant to 49-14 of the General Statutes; and
 (2) Public Act No. 91-315 which became effective July 1, 1991, revises the procedure applicable to the pre-judgment remedy of attachment. Although certificates of attachment were properly recorded long before the effective date of the new legislation, the action was returned to court on July 2, 1991, and the plaintiff was therefore required to comply with the revised procedure.
The defendants also assert that the attachments are excessive and unnecessary, at least until a deficiency is established. The court takes no position as to this claim in that no evidence was presented regarding the current amount of the mortgage debt or the reasonable value of the mortgaged property and of the additional realty that is subject to attachment.
1. A pre-judgment remedy of attachment is available as to "all complaints containing a money demand against the estate of the defendant, both real and personal." 52-279, Conn. Gen. Stat. (underlining added). Although there are enumerated exceptions, a mortgage foreclosure action is not one of them. Likewise, neither49-1, which defines the effect of a judgment of foreclosure on the mortgage debt, nor 49-14, which sets forth the procedure for deficiency relief, proscribes a pre-judgment attachment by a foreclosing mortgagee in anticipation of a deficiency. CT Page 8037
Although there is little Connecticut authority on the subject, the defendants, in the face of the broad statutory (49-1) language, have failed to persuade the court that the plaintiff's attachments are impermissible.
2. The defendants were served with the plaintiff's writ, summons, and complaint on May 22, 1991, and on the following date certificates of attachment were filed on the land records. The attachments, if otherwise valid, are considered made when so filed. 52-285, Conn. Gen. Stat.; Butchers Ice Supply Co. v. Bascom, 109 Conn. 433, 436 (1929). The effective date of the attachments, therefore, was May 23, 1991.
Public Act No. 91-315 produced substantial changes in the law as related to commercial attachments and the effect of waiver (52-278f). The language of the Public Act, however, does not demonstrate a legislative intent that it be given retrospective effect, and hence, none should be allowed. State v. Paradise, 189 Conn. 346, 351 (1983). The changes became effective on July 1, 1991, and do not affect the validity of the attachments which were already in place.
Likewise, the decision of the U.S. Supreme Court in Connecticut v. Doehr, 111 S.Ct. 2105 (6/6/91), lends little support to the defendants' cause. Although the court found the ex-parte attachment procedures of52-278e to be unconstitutional, it did not specifically address 52-278f
and the effect of an obligor's waiver.
The defendants' motion is denied.
GAFFNEY, J.